LIVINGSTON v. LAKWITZ.

(Supreme Court, Special Term, Kings County. October, 1898.)

1. ATTACHMENT—SUFFICIENCY OF AFFIDAVIT
     Under Code Civ. Proc. § 636, requiring affidavit on attachment to show that plaintiff is entitled to recover a sum stated therein over and above all counterclaims known to him, an affidavit in the language of the statute, and not stating the facts from which the conclusion is drawn, is

insufficient. It should state whether there were any counterclaims, and, if so, for how much.

2. SAME.

An attachment will not be granted on an affidavit (not accompanied by the complaint) purporting to state a cause of action based on a breach of the conditions of a bond whereby plaintiff elected to treat the bond as due, it not being shown that the bond gives such right of election.

Action by John H. Livingston against Rosina B. Lakwitz. Motion to vacate a warrant of attachment on the papers on which it was granted. Motion granted.

John Theall, for the motion.

Charles L. Livingston, opposed.

GAYNOR, J. The affidavit of the plaintiff upon which the attachment was granted says that the plaintiff is entitled to recover from the defendant "as damages for breach of a contract other than a contract to marry the sum of $408 over and above all counterclaims known to the plaintiff." This is a mere statement of a legal conclusion, based upon a statement of no facts from which it could be drawn, and is insufficient to give jurisdiction to grant the warrant. Section 636 of the Code of Civil Procedure requires the affidavit of the plaintiff to "show that the plaintiff is entitled to recover a sum stated therein, over and above all counterclaims known to him." This of course means that facts must be stated which "show" the legal conclusion, viz., facts from which the legal conclusion may be drawn. The affidavit does not state there are no counterclaims, as it should do if there are none, instead of stating the legal conclusion, which it should in no case do. And if there are counterclaims, it should state them, and then the amount due over and above them, if any, would be apparent.

No complaint was presented upon the application for the warrant. The affidavit purports to state a cause of action for damages for breach of a bond to secure which a mortgage upon real estate was given. The breach assigned is failure of the obligor to insure the mortgaged property as is alleged to have been required by the terms of the bond as well as the mortgage; and then it is alleged that for such failure the plaintiff has elected that the whole amount secured by the bond and mortgage shall be due. But it is not shown that the bond gives such a right of election.

The motion is granted.