### STEWART v. LYMAN et al.

(Supreme Court, Appellate Division, First Department. June 14, 1901.)

1. FRAUDULENT REPRESENTATIONS—COMPLAINT.

Where, in an action to recover price paid for worthless stock alleged to have been sold by reason of fraudulent representations, the allegation of worthlessness in the complaint, construed as a whole, is directed generally to the stock as a condition inherent in it from its inception, an application to quash a warrant of attachment, on the ground that the complaint does not show a sufficient cause of action, in that it did not

allege specifically that the stock was worthless at the time it was purchased, will not be sustained.

2. SAME.

Where a complaint alleged that plaintiff was assignee of L., and sued to recover a sum of money due from defendants to L. for services rendered, for which he was given by them certain certificates of stock, which he took, relying on their false representations that the same were of value, and that said certificates then were, ever since have been, and now are, worthless and of no value, was not objectionable, on the ground that it did not allege that the stock was worthless when accepted by L.

3. SAME—INJURY TO PROPERTY—DEFINITION.

An action to recover the price paid for stock on the ground that the same was sold under the fraudulent representations of value, when the same was worthless, is an action for injury to property, within Code Civ. Proc. § 3343, subd. 10, declaring that an "injury to property" is an actionable act, whereby the estate of another is lessened, other than a personal injury or the breach of a contract.

4. SAME—STATUTES—MOTION TO QUASH—COUNTER AFFIDAVITS—FAILURE TO FILE—PRESUMPTION.

Where all the facts with reference to allegations made in affidavits for attachment are within the knowledge of the defendant, who, instead of basing a motion to vacate the attachment on affidavits, rested on the affidavits on which the attachment was granted, all legitimate deductions and inferences must be construed in favor of plaintiff.

5. SAME—ATTACHMENT—CONCEALMENT—AFFIDAVIT—SUFFICIENCY.

Affidavits that defendant was not to be found on two days at his home or office, or through his attorney; and that contradictory messages had been given as to whether he was away or was ill at home; and his office boy stated that he came into the office for something, and went away at once; that persons to whom he owed money had searched for him in vain; and that a daily paper had published an account of his absconding, and his attorney had failed to throw any light on the subject, or arrange for an appointment; and that the sheriff had failed to execute an order of arrest,—was sufficient to sustain an attachment on the ground that defendant had departed from the state, or keeps himself concealed within the state, with intent to defraud his creditors.

6. SAME—WARRANT—GRANT OF ATTACHMENT—DISJUNCTIVE STATEMENTS.

Code Civ. Proc. § 636, subd. 2, authorizes an attachment against a defendant if he has departed from the state with intent to defraud his creditors, or keeps himself concealed therein with like intent. *Held*, that a warrant of attachment, containing such provision entire, was not fatally defective on the ground that it stated two grounds of attachment disjunctively, as the wrong which the issuance of the warrant was intended to redress is the concealment of the debtor with intent to defraud his creditors, and hence whether he has departed from the state or keeps himself concealed therein is immaterial.

Appeal from special term, New York county.

Action by Charles F. Stewart against John Grant Lyman, impleaded with Charles S. Hartwell and the International Zinc Company. From an order denying a motion of defendant Lyman to vacate a warrant of attachment, he appeals. Affirmed.

The verified complaint herein, which is dated February 16, 1901, states two causes of action: First, to recover the sum of $1,550, which the plaintiff alleges that he paid the defendants for shares of stock of the International Zinc Company relying upon their false and fraudulent representations, which shares "are worthless and of no value"; and, second, as assignee of Julius Leszynsky, to recover $25,000 due from the defendants to the said Leszynsky for services rendered to them at their request, and for which he was given by them certain certificates of stock, which he took relying upon their false representations that the same were of value. An affidavit

by Leszynsky supports the allegations of the complaint. From an affidavit by the plaintiff made on the application for the warrant of attachment against the property of the defendant Lyman, which it is now sought to vacate, it appears that on March 11, 1901, the defendants Lyman and Hartwell answered by general denial, and that the International Zinc Company defaulted; and in this affidavit, which is dated March 23, 1901, the plaintiff avers that, "as this deponent believes, the defendant [Lyman] has departed from this state, or keeps himself concealed within this state, with intent to defraud his creditors, and the grounds of his belief are the affidavits of Felix H. Levy and Harry H. Kutner"; and that, though an order of arrest has been issued against the defendant Lyman, the sheriff has been unable to execute the same. The affidavits of Levy aver that on March 22, 1901, he was informed by Mr. Vause, attorney for the defendant Lyman, upon inquiry whether a report published in the New York Sun, to the effect that Lyman has absconded, was true, that he had not seen Mr. Lyman since the preceding Tuesday, the 19th of March, at which time he was sick in bed, and he did not know his present whereabouts, nor whether he was in the city, nor how to communicate with him so as to arrange an appointment; that the deponent was informed by telephone on March 22d, by Dr. Lyman's butler, that the doctor was out of the city, but he did not know where nor how to reach him, and Mrs. Lyman was out, and he did not know when she would return; that a few moments later, the telephone having been cut off, Mrs. Lyman answered that her husband was not in town, but that his attorney, Mr. Vause, knew where he was, and would forward any communication; that he was told by those in charge of Dr. Lyman's office that the doctor had been away several days, and his address was unknown, but to address any communication to his residence; that the sheriff had informed him that efforts made on March 23d to execute upon the defendant Lyman an order of arrest resulted in failure to find him. Mr. Kutner averred in his affidavit that he had accompanied the assistant deputy sheriff on March 23d, for the purpose of assisting him in the execution of the order of arrest, and that the butler had said Dr. Lyman had gone away, and he did not know when he would return, and that he was instructed to refer them to Mr. Vause; that at Dr. Lyman's office the boy in charge said that "on Wednesday Dr. Lyman came in, and went into inner office, took something out of a box, and skipped away"; that the bookkeeper, upon coming in, said, "I don't expect Dr. Lyman here to day; I think he is sick, but I don't know where he is," and did not know when he would return; that there were several men who appeared to be waiting about the office, and one said: "I am looking for Dr. Lyman; he owes me some money, and I would like to lay my hands on him;" and said to the bookkeeper, "I telephoned to the doctor's house last night, and I received an answer that he was sick in bed, and would not be down for a few days;" and the bookkeeper made no answer, and the man remarked, "Dr. Lyman had played his best friends." Upon the complaint and affidavits the warrant of attachment was issued, and it recites that it appears that "one of the causes of action specified in section 635 of the Code of Civil Procedure exists against the defendants, and each of them, severally, to recover a sum of money only, to wit, the sum of twenty-six thousand five hundred and fifty dollars, as damages for injury to personal property in consequence of fraud"; that the affidavits show "that the defendant Lyman is a resident of this state, and has departed therefrom with intent to defraud his creditors, or keeps himself concealed therein with like intent." Motion to vacate the attachment on the papers on which it was granted was denied, and the defendant Lyman appeals.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Morris J. Hirsch, for appellant.

Felix H. Levy, for respondent.

O'BRIEN, J. Among the other grounds, it is contended upon this appeal that the complaint does not show sufficient facts to constitute

the cause of action set forth in the warrant, i. e. injury to personal property in consequence of fraud; that the papers on attachment failed to disclose any intent on the part of the defendant Lyman to defraud his creditors; and that the warrant itself does not comply with the provisions of section 641 of the Code of Civil Procedure, in that it does not recite any grounds for the attachment.

In support of the first contention, it is pointed out that the complaint alleges in the first cause of action that the stock in question is worthless now,—not that it was worthless when purchased,—and that the second cause of action does not allege that the stock was worthless when acceptel by Leszynsky. This contention, we think, affords no ground for vacating the attachment. We think it obvious, as the respondent says, from a reading of the complaint, "that the allegation of worthlessness is directed generally to the stock as a condition inherent in it from its inception; otherwise, the allegations set out at great length in the complaint of the false representations made prior to the purchase by the plaintiff would have no application, and be meaningless." And, as to the second cause of action, the allegation is that "said certificates, when accepted, then were, ever since have been, and now are, worthless and of no value." Section 3343 of the Code of Civil Procedure (paragraph 10) defines an injury to property as "an actionable act whereby the estate of another is lessened other than a personal injury or the breach of a contract." It is manifest that the acts here complained of constitute a lessening of the estate of the plaintiff and his assignor, the gravamen of the complaint being the taking away from the plaintiff of sums of money by means of fraud. That he has a cause of action therefor against defendant is made to appear.

It must be remembered, moreover, in construing both the complaint and the other papers, that the plaintiff here is entitled to every reasonable inference in his favor. The defendant has not presented any counter affidavits in support of the motion to vacate the attachment, and under such circumstances the plaintiff "is entitled to the benefit of all legitimate inferences from the facts shown." Yarn Mills v. Bilbrough, 2 Misc. Rep. 100, 21 N. Y. Supp. 2. As said in Jaffray v. Nast (Sup.) 10 N. Y. Supp. 280:

"The affidavits upon which the attachment was issued show circumstances strongly tending to establish fraud, in the absence of any explanation on the part of the defendants. All the facts were peculiarly within their knowledge, and when, instead of basing the motion to vacate upon affidavits, they saw fit to rest on those upon which the attachment was granted, all legitimate deductions and inferences must be construed against them."

Keeping this rule in mind, we think it is impossible, upon reading the affidavits in behalf of the plaintiff, to conclude, as the appellant contends, that they fail to disclose any intent on the part of the defendant to defraud his creditors. The affidavits show that Dr. Lyman was not to be found on the 22d or 23d of March at his home or office, or through his attorney, and that contradictory messages had been given as to whether he was away or was at home sick, and the office boy said he had come into the office for something and gone away at once; that persons to whom he owed money had searched for him

in vain; that the paper had published an account of his absconding, .and his attorney had failed to throw any light upon the subject, or ·even to arrange for an appointment, and the sheriff had not succeed- ·ed in executing an order of arrest. What was said in Stevens v. Middleton, 26 Hun, 470, is peculiarly applicable here, that:

"It is not always practicable to establish by proof the existence of a fraudulent intent on the part of the debtor, even when in reality it exists. Direct proof of the fact can rarely be obtained, and when it is established ·it must ordinarily be inferred from circumstances. The facts as they are ·disclosed in this case, in the absence of any explanation on the part of the ·debtor, justify the inference that his movements were prompted by the intent alleged in the attachment. It is sufficient that such an inference was war- ranted by the circumstances, and, as that was their effect, the motion to ·discharge the attachment was properly denied by the court."

We must come to the appellant's contention that the warrant itself is defective, and not in compliance with section 641 of the Code of ·Civil Procedure, in that it is in the disjunctive; the statement being, ·as a ground for the attachment, "that the defendant Lyman is a resi- dent of this state, and has departed therefrom with intent to defraud his creditors, or keeps himself concealed therein with like intent." This alternative statement, the appellant says, does not furnish a recitation of either ground, and the warrant would be properly grant- ·ed only if it were shown either that the defendant had departed from the state with intent to defraud his creditors, or else keeps himself concealed with intent to defraud his creditors. To entitle the plain- tiff to a warrant of attachment, he must show by affidavits, as stated in subdivision 2 of section 636 of the Code of Civil Procedure, that the ·defendant, if he is a natural person and a resident of the state, "has departed therefrom with intent to defraud his creditors,  *  *  * ·or keeps himself concealed therein with like intent"; and these, it will be seen, are the words used in the warrant. The appellant cites many cases wherein it has been held, with regard to the provisions ·of the same section as to property, that the warrant must not be dis- junctive or alternative, but must state either that the defendant had assigned and disposed of property with the intent to defraud ·creditors, or else that he is about to assign or dispose of property with the intent to defraud creditors; the most principal case relied ·upon being that of Cronin v. Crooks, 143 N. Y. 352, 38 N. E. 268.

The question which the appellant thus presents has been thorough- ly discussed, and, as we think, correctly decided, in the case of Gar- :son v. Brumberg, 75 Hun, 336, 26 N. Y. Supp. 1003, wherein the re- ·quirements of a warrant of attachment, both as to allegations regard- ing the disposition of property with intent to defraud creditors, and as to the absence of a debtor from the state or his concealment there- in with intent to defraud creditors, were defined, and it was held .as to the former that a disjunctive statement was defective, but as ·to the latter it was not, the court saying:

"The removal of property with the intent to defraud creditors is one ground, and the assignment of it with like intent is another; but they are based upon different facts, and both cannot well be included in, or estab- lished by, the same facts, while, under the other provision of the Code, the intent to defraud creditors, or to avoid the service of a summons, may be

established by the same facts. Whether he has departed from the state, or keeps himself concealed therein, is immaterial, where the purpose and intent is the same. It appears to us that this subdivision of the section may properly receive a construction which allows the grounds to be stated in the attachment in the alternative. Otherwise, the clause can be of but little benefit; for where the debtor has secreted himself, either by departing from the state, or by hiding himself within the state, the creditor, if compelled to establish which, will in most cases be powerless to do so, for reasons which are obvious."

And, among other authorities, the court quoted from that of Van Alstyne v. Erwine, 11 N. Y. 331, wherein it was said:

"It is objected that the application is in the disjunctive,—that the debtor has departed from the state, or was concealed within it, with intent to defraud his creditors; and it was said that the creditor should have stated his case under one or the other aspect, and not in the alternative. * * * A case may be so circumstanced that, although it may be conclusively shown that the debtor has left his place of residence in order to defraud his creditors by depriving them of their remedies, yet it may be impossible even to conjecture whether he has continued his flight beyond the boundaries of the state, or has resorted to some place of concealment in it. * * * If the objection were well founded, there could be no proceeding under this statute in a case so circumstanced. The debtor would have only so to conduct his evasion to make it uncertain which course he had adopted, and he would avoid this remedy. I do not think the statute requires such a construction."

Apart from the fact that the remedy might, under the construction for which the appellant contends, be eliminated in certain cases, the real objection to such a construction is that the wrong which the issuance of the warrant is intended to redress is the concealment of the debtor with intent to defraud his creditors. Whether the concealment is within or without the state is a mere incident. The provision of the Code must be read so as to afford the creditor a remedy when the debtor, with intent to defraud, remains in concealment. The case of Cronin v. Crooks, supra, and like cases, upon which the appellant relies, are clearly distinguishable. Therein the attachment was sought upon the ground of fraudulent disposition of property, and the recital in the warrant was that the debtor had assigned or was about to assign,—acts which are separate and distinct; and, as said in the opinion in Cronin v. Crooks, "to state in the alternative is to state neither the one nor the other fact. Such an alternative statement of grounds results in a mutual exclusion." In other words, if a man has assigned he is not about to assign his property; whereas, with regard to the question of concealment with intent to defraud creditors, recitals that the debtor has departed from the state, or remains concealed therein with such intent, are not mutually exclusive, but tend to support the fact needed to be established, namely, that he remains in concealment in one place or the other with intent to defraud.

Our conclusion, therefore, is that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.