### BRANDLY v. AMERICAN BUTTER CO.

(Supreme Court, Appellate Division, First Department. February 5, 1909.)

1. ATTACHMENT (§ 100*)—AFFIDAVITS—SUFFICIENCY—SOURCE OF KNOWLEDGE OR INFORMATION.

An attachment is a provisional remedy in an action, and under Code Civ. Proc. § 636, providing that the warrant may be granted plaintiff upon his showing by affidavit certain facts to the satisfaction of the judge, all that is ·required is that the information furnished by the affidavits shall be such as a person of reasonable prudence would be willing to act upon, though it must not rest upon hearsay alone, and, where facts are alleged upon information ·and belief, the source of the information must be set out to give the judge a᠎ proper basis for his conclusion of satisfaction with the proof.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 255–257; Dec. Dig. § 100.*]

2. ATTACHMENT (§ 232*) — VACATING—MOTION ON AFFIDAVIT ALONE—FORCE OF AFFIDAVIT.

Where a motion to vacate an attachment is made solely upon the affidavit on which it was granted, plaintiff is entitled to all the legitimate inferences and deductions that can be made from the facts stated, and where an affidavit for attachment against a foreign corporation by fair implication stated that plaintiff was a resident of the state when the action was begun, and that the cause of action arose in the state, bringing the case within Code Civ. Proc. § 1780, providing that an action against a foreign corporation may be maintained by a resident of the state for any cause and by a nonresident only under specific conditions, one of which is that the cause of action arose within the state, the allegations were sufficient, though not specifically made.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 797; Dec. Dig. § 232.*]

Appeal from Special Term, New York County.

Action by Albert Russell Brandly against the American Butter Company. From an order vacating an attachment (60 Misc. Rep. 547, 112 N. Y. Supp. 1030), plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Benjamin Cardozo, for appellant.
John F. Everett, for respondent.

HOUGHTON, J.  In March, 1905, the plaintiff obtained an attachment against the defendant, a foreign corporation, and a levy was made thereunder and the defendant gave an undertaking to discharge the same.  In September, 1908, the defendant moved to discharge the attachment and the levy and cancel the undertaking on the papers upon which the attachment was granted, and, from the order granting such motion, the plaintiff appeals.

The principal ground upon which the attachment was set aside, and upon which the order is sought to be sustained, is that the moving papers did not disclose that the plaintiff was a resident of the state of New York, or that the cause of action arose therein.  Section 1780 of the Code of Civil Procedure provides that an action against a foreign corporation may be maintained by a resident of the state for any cause and by a nonresident only under specified conditions, one of which is that the cause of action arose within the state.  The moving papers do not allege specifically that the plaintiff was a resident of this state at the time of bringing the action or that the cause of action arose therein. We are of the opinion, however, that by fair implication both of those facts are stated in the plaintiff's affidavit upon which the attachment was granted.  An attachment is a provisional remedy in an action, and subject to certain rules and specific conditions a warrant may be granted to a plaintiff in an action upon such proofs as are satisfactory to the judge granting it.  Code Civ. Proc. § 636.  All that is required is that the information furnished by the affidavits presented upon the application shall be such that a person of reasonable prudence would be willing to accept and act upon it.  Buell v. Van Camp, 119 N. Y. 160, 23 N. E. 538.  Of course, such sworn information must have some probative force, and not rest upon hearsay alone, and, where facts are alleged upon information, the source of the information must be stated and the grounds of belief set forth, so that the judge to whom the affidavit is presented may have some proper basis upon which to found his conclusion of satisfaction with the proof.  The affidavit in the present case is positive with respect to the material matters, and, the motion to set aside the attachment having been made upon that affidavit alone, he, plaintiff, is entitled to all the legitimate inferences and deductions that can be made from the facts stated.  Stewart v. Lyman, 62 App. Div. 182, 70 N. Y. Supp. 936.

Reading the affidavit in the light of these rules, we think it can be fairly inferred that at the time of the commencement of the action the plaintiff is shown to have been a resident of the state of New York, and that the cause of action against the defendant arose within this state. These facts could have been very easily stated, and it would serve no useful purpose to analyze the affidavit and give the reasons for our conclusion.  It is sufficient to say that the fact of residence of the plaintiff is clearly inferable from the affidavit, and, that fact being sufficient to sustain the attachment, it follows that it was improperly set aside.  We also think the affidavit properly discloses a cause of action for the amount claimed.  The services are set forth in detail and their

value is sworn to. In addition, the claim was presented to the board of directors of defendant, and, while they did not act favorably upon it, they did not reject it.

Our conclusion is that the order appealed from must be reversed with $10 costs and disbursements, and the attachment, levy, and undertaking restored, and the motion to set aside denied, with $10 costs. All concur.