CUTIETTA v. CILLUFFO.

(Supreme Court, Appellate Term. February 9, 1911.)

1. ATTACHMENT (§ 245*)—MOTION TO SET ASIDE UPON AFFIDAVITS.

　　Where a motion is made to set aside an attachment upon the affidavits alone, plaintiff is entitled to all the legitimate deductions that can be made from the facts stated.

　　[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 864; Dec. Dig. § 245.*]

2. ATTACHMENT (§ 108*)—SUFFICIENCY OF AFFIDAVIT.

　　Code Civ. Proc. § 636, requires plaintiff applying for a warrant of attachment to show by affidavit to the satisfaction of the judge that plaintiff

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is entitled to recover a sum stated above all counterclaims known to him. *Held*, that an affidavit reciting that plaintiff was entitled to recover from defendant the stated sum with interest from a certain date above all counterclaims known to plaintiff upon one of the causes of action mentioned in section 635, relating to attachments, and setting out an agreement to act as defendant's broker on consignments of lemons to be sold by plaintiff at auction for defendant's account, plaintiff to advance charges and to have a 5 per cent. commission upon the sales, that between stated dates plaintiff advanced various sums, giving the dates and amounts of shipments and sales and a statement showing the balance due, with letters of defendant acknowledging various advances, and promising to pay the balance, and acknowledging the correctness of various accounts of sales, was sufficient as against a motion to set aside on the affidavits alone.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 291; Dec. Dig. § 108.*]

3. ATTACHMENT (§ 108*)—SUFFICIENCY OF AFFIDAVIT.

The object of the requirement that affidavits shall show that plaintiff is entitled to recover a sum stated above all counterclaims known to him is to make it appear that plaintiff has, so far as he knows, a valid claim to the extent for which he seeks an attachment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 291; Dec. Dig. § 108.*]

Appeal from City Court of New York, Special Term.

Action by Salvatore Cutietta against Salvatore Cilluffo. From an order vacating an attachment against the property of defendant, plaintiff appeals. Reversed, and motion denied.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Hays, Hershfield & Wolf (Stanleigh P. Friedman, of counsel), for appellant.

Walter E. Meyer, for respondent.

HENDRICK, J. The application for the warrant of attachment was made by plaintiff in an action to recover a sum of money only as damages for a breach of contract other than a contract to marry. The affidavit of plaintiff upon which the warrant was granted sets forth the residence, age, and business of plaintiff; the nonresidence and business of defendant (defendant residing and doing business in Carini, Sicily); that plaintiff is entitled to recover from defendant the sum of $553.04 with interest from August 27, 1908, over and above all counterclaims known to plaintiff upon one of the causes of action mentioned in section 635 of the Code and thereafter particularly set forth in the affidavit; the agreement to act as defendant's broker at the request of defendant, to receive consignments of lemons to be shipped by defendant, and to be sold by plaintiff at public auction for defendant's account and risk; plaintiff to advance and pay charges and express and to have for his services a commission of 5 per cent. upon amount of sales; between June 28 and July 28, 1908, plaintiff advanced to defendant various sums on account of shipments.

There is given in minute detail the dates and amounts of shipments, dates, and amounts of sales, and a full and complete statement of account showing the balance due from defendant to plaintiff. The affidavit sets forth the total amount advanced defendant as $4,790.45 on

which defendant is credited with the net proceeds of sale to the amount of $4,237.41, leaving a balance due plaintiff of $553.04. It is stated that plaintiff personally attended each sale. Then follow letters of defendant acknowledging receipt of various advances. In December, 1909, plaintiff saw defendant in Carini, Italy, and asked for the balance due on the account, and defendant promised to pay, at the same time acknowledging the correctness of various accounts of sales. The nonresidence of defendant is also stated.

Respondent moved to vacate attachment on the original papers on which the attachment was granted, and assigned the ground that the papers were insufficient upon the face thereof, and that the papers failed to show that plaintiff was entitled to recover the sum claimed over and above all counterclaims known to plaintiff.

The respondent relied on the case of Livingston v. Lakwitz, 25 Misc. Rep. 119, 53 N. Y. Supp. 1083, which holds that an affidavit for an attachment must "show that plaintiff is entitled to recover a sum stated therein, over and above all counterclaims known to him," and is not sufficient if it alleges that he is entitled to recover "as damages for a breach of contract other than a contract to marry the sum of $400 over and above all counterclaims known to the plaintiff," as that is a mere statement of a legal conclusion, giving no facts from which the conclusion may be drawn and not directly alleging that no counterclaims exist. I think this case is distinguished from the Livingston Case, relied on by respondent, in that the facts are stated from which the legal conclusion may be drawn. It is not necessary to adopt the words of the statute (Ruppert v. Haug, 87 N. Y. 144), advisable as that may be. It is enough to show the facts required and those facts sufficiently appear from the words "plaintiff is entitled to recover from defendant the sum of $553.04 with interest over and above all counterclaims known to plaintiff." Earl, J., in Buell v. Van Camp, 119 N. Y., at page 162, 23 N. E., at page 539, says:

"The Code (section 636) requires plaintiff applying for a warrant of attachment to show by affidavits to the satisfaction of the judge granting the same, among other things, * * * that the plaintiff is entitled to recover a sum stated therein, over and above all counterclaims known to him. It is claimed on the part of appellant that the provision of the section was not complied with. The affidavit on which the attachment was granted was made by one of the plaintiffs, and in it he stated that a cause of action exists in favor of said plaintiffs, and that the amount of plaintiffs' claim in said action is $817.13 and interest from the 11th day of June, 1888, over and above all counterclaims and offsets known to plaintiff, and the grounds of said claims and cause of action are as follows."

Then follows in the opinion a statement of the facts of the claim. "These allegations," says the court, "are a sufficient compliance with that portion of the section above quoted, and show that plaintiffs were entitled to recover the sum stated in the affidavit over and above all counterclaims known to them."

Houghton, J., in Brandly v. American Butter Co., 130 App. Div. 410, 114 N. Y. Supp. 896, in approving the Buell Case, supra, holds that:

"An attachment is a provisional remedy in an action, and, subject to certain rules and specific conditions, a warrant may be granted to a plaintiff in an action upon such proofs as are satisfactory to the judge granting it. Code,

§ 636. All that is required is that the information furnished by the affidavits presented upon the application shall be such that a person of reasonable·prudence would be willing to accept and act upon it."

The affidavit in the present case is positive with respect to the material· matters, and, the motion to set aside the· attachment having been made upon the affidavits alone, the plaintiff is entitled to all the legitimate inferences and deductions that can be made from the facts stated. Stewart v. Lymer, 62 App. Div. 182, 70 N. Y. Supp. 936.

The object of that part of the affidavit respecting counterclaims is to show that plaintiff has so far as he knows a valid claim against defendant to the extent for which he asks an attachment. In this case the affidavit sets forth in detail the facts and circumstances in regard to the transaction between the parties sufficiently to justify the issuance of an attachment, and it should have been allowed to stand. Lamkin v. Douglass, 27 Hun, 518.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.