(82 Misc. Rep. 33.)

### BENDURE v. BIDWELL et al.

(Supreme Court, Special Term, Erie County.   August 14, 1913.)

1. LIBEL AND SLANDER (§ 6*)—WORDS ACTIONABLE—SPECIAL DAMAGE.

 To constitute libel, false statements in a circular letter concerning a person need not be libelous per. se, if they were actuated by malice and ill will, with intent to injure such person in his business or profession.

 [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 3–16; Dec. Dig. § 6.*]

2. APPEAL AND ERROR (§ 953*)—REVIEW—ORDER GRANTING ATTACHMENT.

 Under Code Civ. Proc. § 636, authorizing a judge in civil actions to grant a warrant of attachment, when it is made to appear by affidavit that the defendant has departed from the state to avoid service of summons, or keeps himself concealed therein with like intent, the discretion of a judge in granting a warrant will not be reviewed, unless the insufficiency is so obvious as to justify the conclusion that his action was inadvertent.

 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3816; Dec. Dig. § 953.*]

3. EVIDENCE (§ 83*)—PRESUMPTION.

 The presumption is that a deputy sheriff, in attempting to serve summons, did his duty, and that the places he visited, upon such information as he could gather, were the most probable places for defendant to be found.

 [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 105; Dec. Dig. § 83.*]

4. ATTACHMENT (§ 249*)—PRELIMINARY AFFIDAVIT—REQUISITES.

 Under Code Civ. Proc. § 636, authorizing the granting of a warrant of attachment in civil actions, when it is made to appear by affidavit that the defendant has departed from the state to avoid service of process, or is concealing himself therein with like intent, all that is required of the preliminary affidavit is that it furnish information on which a reasonably prudent man would act, and on a motion to vacate the attachment, solely because of the insufficiency of the affidavit, the plaintiff is entitled to all legitimate inferences and deductions from the facts stated in the affidavit.

 [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 861–876; Dec. Dig. § 249.*]

Action by James A. Bendure against Alfred C. Bidwell and another.   On motion by defendant Bidwell to vacate a warrant of attachment because of insufficiency of the preliminary affidavit.   Denied.

Corcoran & Corcoran and Henry W. Killeen, all of Buffalo, for the motion.

Kimball & Stowe, of Buffalo, opposed.

WOODWARD, J.   This is a motion on the part of the defendant Bidwell to vacate a warrant of attachment, upon the grounds that the affidavits upon which the attachment was granted wholly fail to state facts sufficient to justify the court in holding that the defendant had left the state to evade the service of a summons, or was concealed within the state to evade such service, and that the complaint does not state a cause of action.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The action is for libel, alleged to be contained in a circular letter sent out by the defendants Bidwell and the International Automobile League, and an examination of the complaint shows conclusively that the same is not open to the objection urged. Whether the language of the circular letter is libelous per se ·or not is not material at this time, for the complaint alleges that it was "circulated widely throughout the United States and Canada," and "that in so doing, and making the false and defamatory statements aforesaid of and concerning the plaintiff therein contained, defendants were actuated by actual malice and ill will toward the plaintiff, and intended to harm him in his business and his professional standing," and there can be·little question that this is a statement of fact which calls for submission of the issue to the jury if the case is litigated. Indeed, this seems to be practically conceded by the defendant upon this motion, and we shall consider merely the question of the sufficiency of the affidavits.

[2] Under the provisions of section 636 of the Code of Civil Procedure it is necessary, in procuring a warrant of attachment in a case such as that now before us, to "show by affidavit, to the satisfaction of the judge granting the same," that "one of the causes of action specified in the last section exists against the defendant," and that, being a natural person and a resident of the state, "he has departed therefrom, with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent." This requirement has been met. It has been shown to the satisfaction of the judge granting the writ, and by affidavit, that the defendant is a natural person and a resident of the state, and that he has departed from the state to avoid the service of summons, or keeps himself concealed therein with the like intent, and upon this motion we are required to determine whether the affidavits are sufficient to justify this conclusion. The moving affidavits are not controverted in any manner; there are no answering affidavits submitted. We are merely asked on this motion to review the discretion of the judge granting the warrant, and to hold that facts stated in the affidavits were not such as to warrant the original determination, and unless this is so obvious as to justify the conclusion that the action on the part of the judge in granting the warrant was inadvertent, it would not comport with the orderly administration of the law to grant the relief demanded.

We have already indicated that there is no question of the sufficiency of the pleadings. We are equally clear that there is nothing to warrant the setting aside of the warrant of attachment. The affidavit of George C. Riley sets forth that he is an attorney for the Northland Rubber Company, and that as such attorney he brought an action against the International Automobile League, Alfred C. Bidwell, James J. O'Shea, and others, as defendants, to recover an affirmative judgment for damages and to obtain an injunction, and that on the 9th·day of July, 1913, a temporary injunction was granted, containing an order requiring the defendants to show cause on the 15th day of July, 1913, why said injunction should not be made permanent during the pendency of the action; that on said day a summons was duly issued in said action, and, with the other papers, was placed in the hands of Ed--

ward J. Altschaft for service upon the defendants; that on the 10th day of July, 1913, said summons and other papers were duly served upon the defendant International Automobile League by leaving the same with James J. O'Shea, who was at the time the general manager of such league, and of which the defendant Alfred C. Bidwell, was the president; that continued efforts have been made to serve the said Alfred C. Bidwell with the papers in that case; that upon the return day of the said order to show cause deponent personally appeared at Special Term at the opening of court, and the said James J. O'Shea appeared by counsel; that there was no appearance for the defendant International Automobile League, or the defendant Alfred C. Bidwell.

Edward J. Altschaft makes an affidavit setting forth in detail the efforts made by him to serve the papers in the injunction action on Mr. Bidwell. He tells us that he went to Rochester, at the request of the Northland Rubber Company, his employer, and finally found Mr. Bidwell registered at the Hotel Seneca; that he visited the room assigned to Mr. Bidwell and found his baggage there; that he waited about for several hours; that he went out to get something to eat, and that on returning a half hour later he found that the baggage of Mr. Bidwell had been removed, and that Mr. Bidwell had left the hotel without paying his bill; that Mr. Bidwell sent a letter to the Hotel Seneca, asking to have his bill sent to his business address in Buffalo, and that all subsequent efforts to find Mr. Bidwell were unavailing, until he was finally located at the Clifton Hotel at Niagara Falls, Ontario, on the 14th day of July, and it does not appear that he has since been within the jurisdiction of this court. In this day of telephones and telegraphs, with Mr. Bidwell a guest of one of the leading hotels of Rochester, and the general manager of his business in the city of Buffalo served with papers in an action for damages and an injunction involving his company, it is not creditable to our intelligence to suggest that Mr. Bidwell was not aware of the fact that he was wanted in the action, and his conduct in leaving his hotel without paying his bill, his disappearance from view from the 11th to the 14th day of July, and his appearance in a hotel outside the jurisdiction of this court, though within easy speaking distance of his office, all tend irresistibly to point to the conclusion that he was in the act of avoiding the service of process. Add to these the affidavit of Andrew Kick, deputy sheriff, showing his diligence in trying to serve the papers in the present action, and we have a very complete case within the letter and the spirit of the statute, and one which fully justifies the court in making use of the warrant of attachment.

[3] The presumption is, of course, that the deputy sheriff did his duty; that the places which he visited, upon such information as he was able to gather, were the most probable places for Mr. Bidwell to be found; and the suggestion that the affidavit fails to disclose that there were reasons for looking for him in these places is not entitled to any very serious consideration, where there is no effort to show that Mr. Bidwell was available, or that he was in good faith away from home and his business temporarily, and with no intention of evading process.

[4] All that the law requires is that the information furnished by the moving papers shall be such that a person of reasonable prudence would be willing to accept and act upon it. Brandly v. American Butter Co., 130 App. Div. 410, 114 N. Y. Supp. 896. And the same authority says that, where a defendant moves to vacate an attachment solely upon the affidavit upon which it was granted, the plaintiff is entitled to all the legitimate inferences and deductions that can be made from the facts stated.

The motion should be denied, with $10 costs.