ROSE FROMER, Appellant, v. ISADOR FROMER, Respondent.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave, however, to defendant to purge himself of contempt by paying the sum of five dollars per week to be applied in reduction of the accumulated arrears, in addition to alimony payable under the order. Defendant relies upon an agreement on the part of plaintiff to reduce her alimony from twenty-five dollars to fifteen dollars per week. Defendant has not only failed to establish such an agreement, but the facts and circumstances disclosed by the record are all but conclusive that plaintiff entered into no such arrangement. Lazansky, P. J., Kapper, Hagarty, Tompkins and Davis, JJ., concur.

WILLIAM S. GALLAGHER, Appellant, v. INTERBOROUGH RAPID TRANSIT COMPANY, Respondent.— Order reversed on the law and the facts, without costs, and motion for examination before trial of Thomas Scanlon, an employee of defendant, granted, without costs, as to the following items: (1) Defendant's negligence and carelessness in causing one of its trains to approach and pass at a high rate of speed the point at which plaintiff was standing; (2) defendant's negligence and carelessness in omitting, while said train was so approaching, to give any warning or notice thereof; (3) defendant's failure to take any measures whatsoever to guard against injuries to the plaintiff in the operation of the train. Examination to proceed on five days' notice. While the form of the notice for a general examination is improper, in order to avoid further motions this disposition is made. Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.

FANNIE GOLDSTEIN, Appellant, v. GEORGE GOLDSMITH and Others, Respondents, Impleaded with Others, Defendants.— Order denying motion to strike out paragraph 8 of respondents' answer reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Directors who unlawfully have appropriated assets of a corporation are not entitled to share in the distribution of such assets recovered from themselves, on the ground that they too are creditors of the corporation. (See *Irving Trust Co.* v. *Gunder*, 234 App. Div. 252.) Hagarty, Carswell, Scudder and Davis, JJ., concur; Lazansky, P. J., concurs in result, making no present determination as to the right of the respondents to share in a distribution of the assets of the corporation.

CHARLES F. HART, Respondent, v. J. CHEEVER COWDIN, Appellant, and ALBERT FRANKE, Defendant.— Order denying motion of defendant Cowdin to dismiss complaint affirmed, with ten dollars costs and disbursements, with permission to said defendant to answer within ten days after the entry and service upon him of an order of affirmance, and without prejudice to the assertion of the defense of the Statute of Limitations.█ Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.