Jacob Markowitz, J.
Motion by defendants for an order vacating and setting aside warrants of attachment. The action is for recovery of money had and received. The motion is founded on the papers on which the warrant is granted which defendants assert are insufficient on their face in that (1) it is not shown by evidentiary facts that a cause of action for the recovery of a sum of money only exists against the defendants; (2) that the material averments in the papers submitted in support of the warrant are stated upon information and belief without setting forth or attaching thereto the source of such alleged information or the ground for such alleged belief; (3) that the amount specified in the warrant as plaintiff’s demand exceeds the amount claimed in the supporting papers, and (4) that plaintiff has failed to give an undertaking pursuant to section 907 of the Civil Practice Act.
On a motion such as this plaintiff must be given the benefit of all legitimate inferences and deductions that can be made from the facts stated (Ecco High Frequency Corp. v. Amtorg Trading Corp., 81 N. Y. S. 2d 610; Bendure v. Bidwell, 82 Misc. 33), although evidentiary facts making out a prima facie case must be shown. (Georgis v. Giocalas, 225 App. Div. 577.)
Plaintiff in the instant case is Public Administrator of New York County. He has alleged in his papers in support of his application for a warrant of attachment that his deceased died possessed of a sum of money in a local branch of the Boyal Bank of Canada, that search and investigation revealed no proceeding to administer said sum, and that they were wrongfully withdrawn by the decedent’s son and transferred to the defendants for the ptirpose of secretion without the knowledge or consent of other possible distributees who might have interests therein in accordance with the laws of Colombia and Italy, the two jurisdictions whose laws are presumably applicable herein. It would appear that plaintiff has shown sufficient facts to establish a deliberate" attempt to frustrate the orderly administration of the property of a nonresident, and the imposition of the warrant in this matter is, therefore, adequately supported.
*390 That many of plaintiff’s statements in his application are based upon information and belief is not a sufficient ground to set aside the warrant. Plaintiff has clearly indicated that the major source of his information is testimony adduced and exhibits produced at a discovery proceeding in the Surrogate’s Court. (A transcript of such proceeding has been submitted by plaintiff at the request of the court.) In light of plaintiff’s obvious incapacity to state facts based on his personal knowledge, and since there is no question that the information relied on has been competently derived, defendant’s assertions with respect thereto are completely without merit. (Hawkins v. Pakas, 39 App. Div. 506.)
Defendant’s objections to the amount specified in the warrant must also be disregarded. The amount therein is equivalent to such “ as will satisfy the plaintiff’s demand ” (Civ. Prac. Act, § 910), and while each of the defendants is in possession of the fund in question in unequal amounts, a tortious attempt to thwart the administration of an estate is being asserted against them as joint tort-feasors and there, therefore, should be no prorata allocation of the amount of property to be attached.
Finally, with respect to defendants’ objections as to the dispensation of a bond or undertaking in this matter, it is clear that Public Administrators are vested by law to perform specified functions and duties on behalf of the People (Surrogate’s Ct. Act, art. VIII-A), and, therefore, are within the purview of the general statutory provision excluding security requirements where provisional remedies are sought by public officers (Civ. Prac. Act, § 162).
It might be that defendants might upon a proper motion adequately explain the transaction herein so as to overcome the imposition of the warrant. However, since they have chosen to attack this warrant on the grounds of irregularity, this motion must be decided solely on the basis of the papers on which the warrant was granted. (Civ. Prac. Act, § 949.) Ho irregularity having been established, the motion must be denied.