Aron Steuer, J.
Defendant moves to vacate a warrant of attachment on the ground that the statement in the affidavit “over and above all counterclaims known to defendant ” is false. Both the facts and the law are quite clear. Defendant owed plaintiff over $22,000 of which he paid $10,000. On being asked for the balance he called attention to the fact that he had claims, some $4,000 in excess of the balance. Plaintiff’s affairs were in confusion at the time and trustees in bankruptcy had taken them over. There were conferences and correspondence and the matter was left with plaintiff seeking to verify defendant’s claims in its books. The law is quite clear that an attaching *38 creditor who is aware of a counterclaim asserted by the defendant must set it out and show how his claim exceeds that asserted against him (Livingston v. Lakwits, 25 Misc. 119).
As against this plaintiff says that in the bankruptcy proceedings a plan of reorganization was adopted and approved by the court. In that plan unsecured creditors received stock of the plaintiff to the extent of 15% of their claims. The plan purported to bind all creditors, whether assenting or not. Defendant filed no claim and received no stock. It is argued that to allow defendant to assert his claim now prefers him over other creditors. Such sophistry cannot bolster a weak argument; it can even nullify a good one. It is true that the reorganization order might prove an impediment to the assertion of a positive claim but it could never operate to prevent a setoff.
The affidavit in support of the attachment gives no true picture of the situation and the attachment must be vacated.