Samuel H. Hofstadter, J.
The defendant, a Danish corporation, appearing specially, moves to vacate a warrant of attachment on the grounds that (1) the statement in the plaintiff’s affidavit in support of the warrant that he is entitled to recover the sum demanded over and above all counterclaims known to him is false and (2) the property levied upon was not the defendant’s, but had previously been assigned by it to a bank for value. The defendant also moves to set aside the service of the summons and complaint pursuant to an order for service by publication based on the warrant of attachment.
The plaintiff is the trustee in bankruptcy of Autourist Cars-In-Europe, Inc., a New York corporation, organized in 1959 to take over the business of Autourist, Inc., another New York corporation of which the defendant was the sole stockholder. When the bankrupt was organized all its capital stock was issued to one Suhr, who had been the defendant’s general manager in New York as well as the general manager of the predecessor corporation of the bankrupt. In 1960 the bankrupt ran into serious financial difficulties, became insolvent and was eventually adjudicated a bankrupt in 1962. In the latter part of 1960, Suhr transferred absolutely to the defendant, then a large creditor of the bankrupt, 24 of the 100 shares of the bankrupt’s issued capital stock; similarly he transferred 24 shares to a Dutch corporation, also a substantial creditor. The remaining shares he transferred in blank to both corporations as security for his personal assumption of the bankrupt’s indebtedness to them.
The bankrupt’s business was to solicit American tourists, directly and through travel agencies to rent or buy cars in Europe for tours. The defendant was a principal supplier of these rental cars and a travel agency with which a large volume of business was done was the American Automobile Association (A. A. A.). The bankrupt was entitled to 10% commission on the car rental billings. At first A. A. A. remitted the rents, less its own commission, to the bankrupt which, after the deduc *685 tion of its commission, forwarded the balance to the defendant. When the bankrupt became financially involved, this method was changed and thereafter A. A. A. remitted to the defendant, instead of the bankrupt, and the defendant was to pay the bankrupt its commissions. This action is brought for commissions withheld by the defendant, the plaintiff charging and showing, at least prima facie, that throughout the period of the defendant’s receipt of the car rentals directly from A. A. A., the bankrupt was hopelessly insolvent and under the virtual domination of the defendant, a substantial stockholder of the bankrupt. The plaintiff trustee in bankruptcy claims that the defendant’s appropriation of these commissions in the circumstances was a transfer to a stockholder in violation of section 15 of the New York Stock Corporation Law and, as such, recoverable by him in this action.
It is, of course, axiomatic that the merits of the controversy are not to be determined on a motion to vacate a warrant of attachment (Bard-Parker Co., v. Dictograph Prods. Co., 258 App. Div. 638, 640; see, also, Krellberg v. Gregory, 10 A D 2d 824). Unless it appears that the plaintiff must ultimately fail in the action, the attachment will be permitted to stand, to await the final resolution of the issues. The defendant’s contention that the payment of the rentals by A. A. A. to the defendant and the latter’s withholding of the bankrupt’s commissions did not constitute a transfer by the bankrupt is an issue to be litigated in the action. The plaintiff has shown enough to tender the issue and need not do more.
The defendant argues, however, that an admission in Suhr’s affidavit as well as the schedules in bankruptcy, which show an indebtedness of the bankrupt to the defendant of over $100,000, vitiate the statement in the plaintiff’s affidavit that he is entitled to recover the sum demanded over all known counterclaims. The plaintiff urges in answer that, since the defendant has not filed a proof of claim in the bankruptcy proceeding, it has no counterclaims against him. I must reject this contention for, whether proof of claim was filed or not, a valid offset against the plaintiff’s claim would be a counterclaim within the scope of section 903 of the Civil Practice Act (New Haven Clock & Watch Co. v. McLean Development Labs., 17 Misc 2d 37).
But, the difficulty of the defendant springs from the nature of its claim against the bankrupt. This claim is clearly an ordinary commercial debt and the defendant offers nothing to the contrary. The plaintiff’s claim, on the other hand, is for a prohibited transfer of the bankrupt’s property, by which the defendant, a stockholder, secured a preference both in violation *686 of the Stock Corporation Law and the Bankruptcy Act. The claims are not mutual. The defendant may not offset its ordinary debt against such a claim and thereby obtain an improper advantage over other creditors (Morris v. Windsor Trust Co., 213 N. Y. 27, 29-30; Ritter v. Mountain Camp Holding Corp., 252 App. Div. 602; Goldstein v. Goldsmith, 235 App. Div. 744; Willcox v. Goess, 92 F. 2d 8, 11; 3 Remington, Bankruptcy [5th ed., 1957], §§ 1455-1456, p. 422). Since the defendant’s asserted offset is questionable, at the very least, the challenged statement in the plaintiff’s affidavit with respect to counterclaims may not be condemned as untrue.
Levy under the warrant of attachment was made on the moneys due the defendant from A. A. A. The defendant insists that, because it, on June 14,1962, before the levy, assigned all amounts “ due, and to become due ” to it from A. A. A. to First National City Bank, none of its property was reached by the levy. Aside from all other questions of the validity of the assignment, it is undisputed that the assignment was solely as security for the payment of a note given to the bank by the defendant, on which the balance due has been reduced by payments to an amount less than the moneys in the hands of A. A. A. so that, in any case, the defendant has an equity in these moneys. The contention that A. A. A. has no property of the defendant subject to levy has not been sustained so as to permit the warrant to be vacated on that ground. The motion is, accordingly, denied.