Samuel J. Silverman, J.
This action was begun by attachment, on a complaint which originally contained only one cause of action for $10,205. Defendant, a foreign corporation, made a motion under section 237-a of the Civil Practice Act to vacate the service of the summons and to vacate the warrant of attachment. That motion was denied and the Appellate Division affirmed the denial. (37 Misc 2d 683, affd. 18 A D 2d 1140.)
Thereupon defendant served an answer reiterating its objection to jurisdiction and also answering on the merits. Plaintiff then served an amended complaint as of right, adding second and third causes of action asking a total of $260,205. Defendant now moves under section 237-a of the Civil Practice Act to strike the second and third causes of action on the ground that the court does not have jurisdiction over the person of defendant as to said causes of action.
(1) It appears that defendant is a foreign corporation not doing business in the State and that jurisdiction must rest on the attachment. On that assumption, no in personam jurisdiction was acquired over defendants, but only quasi in rem jurisdiction limited to the attached property. Defendant having-made a motion under section 237-a of the Civil Practice Act to vacate the service under the attachment and that motion having been denied, its participation in the action thereafter, including extensions of time and service of an answer on the merits did not constitute a general appearance and did not confer in personam jurisdiction. (Civ. Prac. Act, § 237-a, subd. 4; Vanderbilt v. Vanderbilt, 1 N Y 2d 342, 347.)
(2) There remains the question whether there is quasi in rem jurisdiction limited to the attached property (or to any further property which may be attached before judgment) with respect to the second and third causes of action. I hold there is such quasi in rem jurisdiction.
The constitutional requirement as to time of attachment is only that attachment shall precede judgment (and trial):. (Pennoyer v. Neff, 95 U. S. 714.) Indeed, quasi in rem jurisdiction is constitutionally strongest when seizure of the property is the first step in the assumption of jurisdiction. (Cf. Geary v. Geary, 272 N. Y. 390, 398.) The constitutional requirement has been met here; property was attached at the commencement of the suit. So long as the effect of the judgment is limited to the property attached, amendment of the complaint after attachment *524 is not constitutionally invalid. Nor do I see any violation either of our State practice in allowing the additional causes of action to stand as against the property attached. The additional causes of action being for a sum of money only, their presence in the original complaint would not have prevented the granting of the attachment; and to obtain the attachment plaintiff would have needed evidentiary proof of only one cause of action. (Levin v. Frank, 5 Misc 2d 564, 568-569.)
Again, these additional causes of action being for a sum of money only, plaintiff could surely seek to avail itself of the attachment remedy as to these causes of action. If the present motion to strike the second and third causes of action were granted, and plaintiff wished to enforce these causes of action by attachment, plaintiff would have to make a motion for leave to amend its complaint to add these two causes of action, apply for an attachment, and levy on the same property all over again for the benefit of its second and third causes of action. This seems to be an unnecessarily and cumbersome procedure. I think it is more sensible simply to let the second and third causes of action stand, with judgments on those causes of action if recovered to be enforcible only against property attached.
There is no suggestion that rights of third persons have intervened.
Accordingly the motion to strike the second and third causes of action in the amended complaint is denied.