### VICTOR TALKING MACH. CO. et al. v. THE FAIR.

(Circuit Court, N. D. Illinois, N. D.   November 15, 1902.)

1. PATENTS—SUIT FOR INFRINGEMENT—EFFECT OF ABSOLUTE SALE OF PATENTED ARTICLE.

   The manufacturer of a patented article, who makes an absolute sale thereof to a jobber, without reservation or condition, so far as relates to its sale by the jobber, cannot, by a notice placed thereon, impose restrictions upon its sale to the public by a retail dealer, so as to render him and all users subject to suit for infringement of the patent in case it is sold for less than a fixed price. If he has any remedy for the violation of such conditions, it is upon the alleged contract, and not by a suit in a federal court for infringement.

In Equity. Suit for infringement of patent. On demurrer to bill.

Horace Pettit and Peirce & Fisher, for complainant.

Walter H. Chamberlain, for defendant.

KOHLSAAT, District Judge. On or about April 18, 1902, complainant the Victor Talking Machine Company sold one of its patented talking machines, numbered 23,157, to a jobber. The jobber took the machine subject to the legal effect of certain conditions, to wit, those contained in a certain printed notice fastened upon said machine, which reads as follows:

"This machine, which is registered on our books, No. 23,157, is licensed by us for sale and use only when sold to the public at a price not less than $25. No license is granted to use this machine when sold at a less price. Any sale or use of this machine when sold in violation of this condition will

be considered as an infringement of our United States patent under which this machine and records used in connection therewith are constructed, and all parties so selling or using this machine contrary to the terms of this license will be treated as infringers of said patents, and will render themselves liable to suit and damages. This license is good only so long as this label and the above-noted registered number remain upon the machine, and erasures or removals of this label will be construed as a violation of the license. A purchase is an acceptance of these conditions. All rights revert to the undersigned in the event of any violation.

"Victor Talking Machine Co.

"March 1st, 1902."

Of this notice the jobber was advised. The jobber sold the same to the defendant herein, who took the same charged with such notice. The defendant subsequently advertised and sold said machine for $18, without any authority from complainant so to do, and, it is alleged, in violation of the terms and conditions of the said requirement.

Complainants charge that the transaction amounted simply to a license upon condition, viz., a limited license, and not to an absolute sale, and that, by reason of the sale of said machine at less than $25, defendant became an infringer. On the other hand, the defendant insists that the sale, as originally made, was an absolute sale of the machine, and that, if the complainant has any remedy, it grows out of the contract. The suit is for infringement of complainant's patent.

In support of its right to maintain such a proceeding, complainant cites Bement v. Harrow Co., 186 U. S. 70, 22 Sup. Ct. 747, 46 L. Ed. ——, which was a case taken by writ of error to the supreme court. It was brought originally in the courts of New York, and, of course, could not have involved any question of infringement of a patent. Justice Peckham, speaking for the court, said that the only federal question raised in the record was as to the so-called Sherman act. It was in fact a suit on the contract of license which the New York court of appeals took jurisdiction of, and which was affirmed by the supreme court. Moreover, that case grew out of a license to manufacture and sell the patented articles in manufacturing and selling harrows, and no attempt was thereby made to bind purchasers from the licensee.

Complainant also cites Heaton-Peninsular Button Fastener Co. v. Eureka Specialty Co., 25 C. C. A. 267, 77 Fed. 288, 35 L. R. A. 728, decided by the circuit court of appeals for the Sixth circuit. In that case the facts were briefly as follows, viz.: Complainant sold a patented machine for fastening buttons to shoes. Affixed to the machine was a metal plate inscribed:

"Condition of Sale.

"This machine is sold and purchased to use only with fasteners made by the Peninsular Novelty Company, to whom the title to said machine immediately reverts upon violation of this contract of sale."

The defendant, the manufacturer of rival fasteners, was held to be a contributory infringer. The court held that only a limited right to the use of the machine was granted, i. e., in connection with complainant's fasteners. This case carries the law very far, but it is decided upon circumstances which do not exist in the case at bar.

The supreme court, in Bement v. Harrow Co., quotes from this opinion with approval an extract bearing on the general control a patentee has over his patent. No reference is made to the matter decided in that case, so that the decision of the court of appeals cannot be held to have been approved by the supreme court as to the point before us.

In the case of Phonograph Co. v. Kaufmann (C. C.) 105 Fed. 960, defendant was held to the terms of an agreement made by a dummy for him. The sale was a fraud upon the complainant, and the district judge entertained a bill for infringement. The published opinion of the learned judge does not recite the terms of the so-called jobber's agreement. In the absence of this, I am unable to say how far that case bears upon the one at bar.

In the case of Phonograph Co. v. Pike (C. C.) 116 Fed. 863, the complainant sold the machines to a jobber, requiring him to make no sales to dealers who would not sign an agreement governing the sale of the machines, or to those on the suspended list of manufacturers. The jobber sold to defendant without taking such agreement from him. The court held defendant to be an infringer by reason of the jobber's violation of the agreement, and consequent annulment of the license.

These latter cases are those nearest in point for the complainant. Whether or not they correctly express the law in those cases need not be discussed here. They do not apply to the facts of the present case. In the case of Wilson v. Sandford, 10 How. 99, 13 L. Ed. 344, defendant was licensed to use a certain patented machine on payment of $1,400,—$250 in cash, and the balance in installments, for which notes were taken,—"and if said notes, or either of them, be not punctually paid, * * * then all and singular the rights hereby granted are to revert to the said Wilson, who shall be reinvested in the same manner as if this license had not been made." Default was made, and a bill filed to declare a forfeiture and for injunction. The court held the remedy to be upon the contract, and not cognizable in the federal court, as affecting a patent. In this connection the language of the supreme court in Keeler v. Folding-Bed Co., 157 U. S., at page 666, 15 Sup. Ct., at page 741, and 39 L. Ed. 848, is significant:

"Whether a patentee may protect himself and his assigns by special contracts brought home to the purchasers is not a question before us, and upon which we express no opinion. It is, however, obvious that such a question would arise as a question of contract, and not as one under the inherent meaning and effect of the patent laws."

The court was then discussing the emancipation of an article from subjection of the patent covering the same.

There can be no doubt that a patentee can convey the whole or part of a patent or a patented article. But can he make a completed sale of a completed article, so that the title vests absolutely in the purchaser, and afterward become reinvested with the title to that specific article? The notice, by its terms, binds only the person who sells to the public and the purchaser at such sale. The jobber took an absolute title. There was no limitation upon him as to price or

otherwise. Is it possible for a vendor to reserve a limitation to attach after a sale absolute? I do not think so. The patented article has passed, by the sale to the jobber, entirely out of the domain of patent, and cannot again be brought within that domain. If complainant has any remedy, it is upon the alleged contract. This court is without jurisdiction in the premises.

The demurrer is sustained and the bill dismissed for want of jurisdiction.