## In re LLOYD et al.

(District Court, E. D. Wisconsin. May 29, 1906.)

BANKRUPTCY—ELECTION OF TRUSTEE—RIGHT TO VOTE CLAIMS.

    The giving out of a list of creditors by a bankrupt to attorneys, before the filing of his schedule, is a practice to be severely condemned, and no attorney should be permitted to vote any claim in the election of a trustee which has come to him through the instrumentality of the bankrupt; but the fact that he so received claims is not sufficient ground for excluding his vote on claims which came to him unsolicited.

In Bankruptcy. On review of decision of referee.

This is a review of the action of Charles H. Forward, referee, in confirming the appointment of the trustee. It appears by the return that on the 26th day of March, 1906, the first meeting of creditors was held. Fifty-five claims had been proven, amounting in the aggregate to $2,079.45. Messrs. Bouck & Hilton had powers of attorney to represent 40 of such claims, aggregating $1,590.30; Messrs. Williams & Williams, 11 claims, $216.61; and C. H. Slocomb, Esq., 1 claim for $95.86. Before any vote was taken for trustee, Messrs. Williams & Williams, representing certain creditors, made the following objection: "Williams & Williams, attorneys, representing 11 creditors, whose claims amount to about $216, for and in behalf of said creditors, object to George Hilton, John Kluwin and William Bouck voting the claims filed by them, and for which they have proxies on behalf of certain creditors, for the reason that said parties have acted in conjunction with W. E. Hurlburt, attorney for the bankrupts, in securing a large portion of the claims represented by them; that said attorney for the bankrupts has personally solicited a large number of the claims represented by said parties on behalf of himself; that the proofs which were sent by said attorney for the bankrupts were sent upon blanks furnished by said Bouck & Hilton, with power of attorney running directly to them. Upon information and belief said attorney for the bankrupts furnished Bouck & Hilton a list of the creditors of said bankrupt prior to the filing of the same; that a large number of the claims filed by said Bouck & Hilton were made and acknowledged before the bankrupts' attorney, on blanks some of which had the printed form of Bouck & Hilton in the power of attorney, etc.; that we verily believe that the allowance of Bouck & Hilton to vote said claims

will be to the detriment of the unsecured creditors." Thereupon a hearing was had upon such objection. The testimony of W. E. Hurlburt and George Hilton was taken. Thereupon the referee found that said Bouck & Hilton were not entitled to vote any of such claims turned over to them by W. E. Hurlburt, attorney for the bankrupts, but that said Bouck & Hilton were entitled to vote 13 claims, aggregating $451.54, that were not obnoxious to the objection. Upon the vote for trustee, C. H. Slocomb, representing 1 claim, voted for J. S. Shelp; Williams & Williams, representing 9 claims, voted for B. J. Daly; Bouck & Hilton voted their 13 claims for J. S. Shelp. Objection was then made to the confirmation of the appointment of trustee by the referee, by reason of the facts set forth in the objections of Williams & Williams. The referee overruled the objections and confirmed the appointment of J. S. Shelp as trustee.

Williams & Williams, for opposing creditors.
Bouck & Hilton, for trustee.

QUARLES, District Judge. It appeared in evidence that it has been customary for bankrupts to furnish lists of creditors to some certain lawyer before the schedules are filed. The referee, in his opinion, denounces this practice as reprehensible. I fully concur in that opinion. By applying to the bankruptcy court, the bankrupt voluntarily surrenders all control over his estate, and the same passes to the officers of the law, under the act. Any effort on his part to control the selection of a trustee, or to shape any of the proceedings of the court, must be resented and rebuked. It is a pernicious intermeddling which cannot be too strongly condemned. Referees should be vigilant to detect, and take all lawful means to prevent, any such interference by the bankrupt in court proceedings. No attorney should be permitted to vote any claim that has come to him through the instrumentality of the bankrupt. The following cases have dealt with this question: In re McGill, 5 Am. Bankr. Rep. 155, 106 Fed. 57, 45 C. C. A. 218; In re Henschel, 5 Am. Bankr. Rep. 25; In re Wooten (D. C.) 118 Fed. 670; In re Lewensohn (D. C.) 98 Fed. 576. It is not professional, but is not unlawful, for lawyers to solicit claims. The ethics and best thought of the profession are opposed to any solicitation of business. But there is no doubt that the practice is common, and perhaps more prevalent in bankruptcy than in other departments. The habit is not to be commended, but matters of taste or etiquette must be left largely to the good sense of the individual attorney. In re Law, 13 Am. Bankr. Rep. 650.

If it appears that any disclosure of the contents of the schedules has been made before the same are filed, the presumption arises that the bankrupt is seeking thereby to accomplish some ulterior purpose, and any claims secured through such illicit practice should not be allowed any part in the selection of a trustee. It must be remembered, however, that, by the terms of the act, the creditors are empowered to select a trustee. It is a serious matter to disfranchise creditors and deprive them of rights expressly conferred by the bankruptcy act. I do not think the referee had power to disqualify the 13 creditors who appear to have employed Bouck & Hilton in the regular way, and who had no concern with the bankrupts in the matter, simply because Bouck & Hilton had received certain other claims through

the instrumentality of the bankrupt. This would in effect be to punish creditors who were innocent in the premises. In, re Blue Ridge Packing Co., 11 Am. Bankr. Rep. 36, 125 Fed. 619.

I think the referee could not have done more or less than he did. It appears that the gentleman who was selected as trustee is entirely competent and a man of integrity, and the referee certifies that no injury will accrue to the creditors by reason of his selection. If, in the administration of his office, it should appear that he was guilty of undue partiality to the bankrupts, he may be removed from office upon a proper showing.

For these reasons the ruling of the referee is affirmed.