Edgab J. Nathan, J.
The complaint in this action, brought by a receiver of Mr. Hamburg-Bronx Corp., sets forth three causes of action. The first cause of action seeks to set aside several chattel mortgages given to the defendant H. M. B. Enterprises, Inc., as illegal transfers in fraud of creditors, and to set aside purported assignments to the same defendant of $716.18 on deposit with the Consolidated Edison Company of New York and a lease deposit in the amount of $4,125. The second cause of action seeks to hold the same and other defendants accountable for the reduction of the deposit under the lease in violation of third-party orders. The third cause of action seeks to set aside as illegal the transfer of a truck to the defendant Charles Rader.
The receiver claims that the chattel mortgages are invalid (1) because creditors were not notified in compliance with section 230-a of the Lien Law; (2) there was insufficient stockholder consent under section 16 of the Stock Corporation Law; and (3) the chattel mortgages and assignments as security thereunder were fraudulent.
The defendant Mr. Hamburg-Bronx Corp. (hereinafter referred to as “Bronx”) was engaged in the restaurant business and occupied premises under a lease at 2468 Grand Concourse in The Bronx. In March of 1957 “ Bronx ” became involved in financial difficulties and solicited the defendant H. M. B. Enterprises, Inc. (hereinafter referred to as “ H.M.R.”), for a loan. “ H.M.B.” and “Bronx” had done business together before, and a loan was arranged. “ H.M.B.” paid off some $17,000.in claims against “ Bronx ” and in return “ Bronx ” gave chattel mortgages, subsequently consolidated into one mortgage for $22,000, which was duly filed on March 22, 1957. Of the face amount of this mortgage, $5,000 was listed as prepaid interest on the books of the debtor corporation. “ H.M.B.” took additional security in the form of personal guarantees from A1 Bader, a stockholder, and his brother, Ben Bader, assignments *449 of the lease to the premises, including the deposit thereunder, and an additional deposit with the Con Edison Co.
At about this same time an action was pending against “Bronx”, commenced by Fischer & Miller, Inc., on January 11, 1957, which subsequently resulted in a default judgment in favor of the plaintiff for $10,713.83, entered October 10, 1957. Execution was levied on the judgment and returned unsatisfied, whereupon a receiver, the plaintiff herein, was appointed.
On May 15, 1957, for no reason except the nonpayment of rent, “ H.M.B.” foreclosed its mortgage and bid in the chattels at a public sale for $100. The sale was held at 10 o’clock in the morning and the only notice thereof was a short advertisement appearing in the Journal of Commerce on the same morning. There were no bidders other than “ H.M.B.” and the chattels were sold in lot and remained on the premises.
Prior to this foreclosure and in April of 1957, a corporate shell of the Bader Brothers was reactivated, its charter changed to show a business at 2468 Grand Concourse, and its name changed to Mr. Hamburg-2468 Concourse Corp., a defendant herein (hereinafter referred to as “Concourse”). On the very same day as the foreclosure, “ H.M.B.” sold its interest in the foreclosed property to “ Concourse” for the balance due “H.M.B.” by “Bronx”, approximately $21,000. The sale was entirely on credit, secured by a purchase-money chattel mortgage for about $21,000 and another personal guarantee by Ben Bader. “ Concourse ” was allowed the use of the deposit under the lease, together with the Con Edison deposit, which ‘ ‘ H.M.B. ’ ’ had obtained outright on the foreclosure. The restaurant continued its business uninterrupted, without a change in personnel, at the same address as “ Bronx ” but under a different name. “ Concourse ” subsequently ran into financial difficulties and “ H.M.B.” foreclosed its chattel mortgage in July, 1958, and sold the chattels at a public sale for $5,140.18 to a variety of bidders.
Plaintiff’s complaint seeks to set aside the chattel mortgages and asks for a return of the Con Edison deposit and the deposit under the lease. The “Bronx” chattel mortgage was not invalid for failure to comply with section 230-a of the Lien Law, for that section does not extend to a mortgage on fixtures alone, separate and apart from merchandise (Atamian v. O’Leary, 154 Misc. 757). Nor would there have been a violation of the Stock Corporation Law if “H.M.B.” accepted the certificate of consent in good faith and without knowledge of any of the alleged infirmities; for under such circumstances the certificate would be conclusive evidence of compliance with the statute as *450 against “H.M.R.” (Stock Corporation Law, § 17; McNeill v. 10 East 78th St., 72 N. Y. S. 2d 803). However, as hereinafter appears, the court finds that “ H.M.E.” had such knowledge of all the circumstances as would preclude the application of section 17 of the Stock Corporation Law, and the court holds the certificates are therefore not conclusive, and further that they do not reflect the true facts.
Regardless of the sufficiency of the stockholder consents, however, the entire transaction was a cleverly conceived plan to avoid a levy and execution under the contemplated Fischer & Miller judgment. The Rader Brothers ’ reactivation of a dummy corporation in April, with the same corporate address as “ Bronx ”, immediately prior to giving the chattel mortgage in March, leaves little doubt as to their true intentions.
Where there is actual intent to defraud, the mortgage may be set aside regardles of the adequacy of the consideration (Scholtz v. Yastrzemski, 247 App. Div. 823). In order to set aside the mortgage as against the mortgagee, however, it must be proven that the mortgagee was a party or privy to the fraud. ‘‘ H.M.E. ’ ’ had previous dealings with “ Bronx ” and was well acquainted ■with their financial position in May of 1957. Considering the precipitous foreclosure, the irregular sale and the immediate transfer of the chattels to the new corporation on terms based upon the balance owing ‘ ‘ Bronx ’ ’, the inference is inescapable that “ H.M.R.” had knowledge of and was a participant in this scheme. As the court said in Kossoff v. Wald (241 App. Div. 483, 484): “A creditor may not with his debtor so manipulate matters that another creditor is foreclosed of his rights while the debtor and conniving creditor retain their original positions.” Where the transactions were manipulated in much the same manner as is presented here, this court has previously held that to be sufficient to constitute a fraud upon the injured party (Ever-Ready Label Corp. v. Stuyvesant Photo Engraving Corp., 36 N. Y. S. 2d 468).
In view of the foregoing, the court holds the chattel mortgages invalid and the defendant “ H.M.R.” accountable for the value of the chattels, as well as the value of the deposit under the lease and the deposit with the Con Edison Co. Since the defendants no longer retain the chattels, they are required to account to plaintiff to the extent of their actual value, which the court determines to be the sum of $5,140.18. Plaintiff is also entitled to the return of the rental deposit, or an amount equivalent thereto, and the Con Edison deposit of $716.18, now being held by the court.
*451 Lastly, plaintiff claims the value of a truck allegedly transferred, in fraud of “ Bronx’s ” creditors, to one Charles Bader, at the same time as the foreclosure. In view of the fact that the transferee was one of the Bader brothers and the inconclusive testimony with respect to this alleged sale, the court finds that this transfer was also part of the plan; that it was made without fair consideration and with intent to defraud Bronx’ creditors. Since no proof was offered as to the value of the truck at the time of the transfer, the defendant Bader shall return the truck to plaintiff.
Settle order accordingly.