■ SAM H. LIPSON, as Receiver of MR. HAMBURG-BRONX CORP., Respondent, v. H. M. R. ENTERPRISES, INC., Appellant, et al., Defendants.— Judgment unanimously modified on the facts and on the law, and, as modified, otherwise affirmed, without costs. In this action to set aside chattel mortgages and for other relief, the trial court properly found that the mortgages were invalid as fraudulent transfers in violation of the rights of creditors. It is clear, however, that the conspiracy to perpetrate the fraud did not occur prior to May 14, 1957. Between March 4 and March 21, 1957, H. M. R. acquired certain conditional sales contracts by assignment and as part of a loan made to the judgment debtor. From the record, we find that these transfers were bona fide, made in good faith, and for valuable consideration. It follows, therefore, that these liens were validly acquired and held by H. M. R. at the time the fraudulent transfers were made. On reopening the case, the trial court took proof which established that the amount due on the contracts in question was $4,351.20. However, the application of H. M. R. for an offset and for a credit of that sum was denied. Since the judgment properly required H. M. R. to account for the proceeds realized on the sale of the chattels which were the subject of these conditional sales contracts, it is entitled to a credit or offset for the amount remaining due on them (*Hamilton Nat. Bank* v. *Halsted,* 134 N. Y. 520). The subsequent conduct of H. M. R., while to be condemned, does not deprive it of its rights under these valid contracts. Under the circumstances, H. M. R. should be credited with the sum of $4,351.20 against the amount awarded to the plaintiff in the judgment. The judgment is accordingly modified in the fourth decretal paragraph to substitute the sum of $3,630.78 in place of the sum of $7,981.38 appearing therein. The ninth decretal paragraph is modified to read as follows: " that the defendant H. M. R. Enterprises, Inc. is entitled to an offset credit in the sum of $4,351.20 by virtue of a prior valid assignment to it and its ownership of five pre-existing conditional sale agreements, and on like motion, it is." Settle order. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ. [16 Misc 2d 447.]

■ EMMA JONES, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, Valente and Stevens, JJ.

■ In the Matter of the Probate of the Will of ROBERT S. TURTON, Deceased. In the Matter of the Estate of ROBERT S. TURTON, Deceased. GOVERNMENT OF BRITISH HONDURAS, Appellant; HAROLD A. PENSE et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents, appearing separately and filing briefs, payable out of the estate. No opinion. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

■ In the Matter of ROBERT D. YANOWITZ, Respondent, against GUIDE SYSTEM & SUPPLY CO., INC., Appellant.— Order so far as appealed from unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

■ EDITH CARVAINIS et al., Appellants, v.. MONTEFIORE HOSPITAL FOR CHRONIC DISEASES et al., Defendants, and PHILIP GLOTZER, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

■ CHARLES MILLS, Respondent, v. HILDE MILLS, Appellant, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.