**In the Matter of Max R. SIMON, Bankrupt, Appellee,**

v.

**Nathan AGAR, Objecting-Creditor-Appellant.**

**No. 214, Docket 27249.**

United States Court of Appeals Second Circuit.

Argued Feb. 5, 1962.

Decided Feb. 26, 1962.

Nathan Agar, pro se.

Max R. Simon, pro se.

Before SWAN, WATERMAN and MARSHALL, Circuit Judges.

PER CURIAM.

The appellant's specifications of objection to discharge of the bankrupt charged a violation of § 14, sub. c(4) of the Bankruptcy Act, 11 U.S.C.A., § 32, sub. c(4) (1958), by the transfer on or about July 14 of stock in a corporation with intent to defraud his creditors. After extensive hearings the referee found that the stock had no value in excess of the one dollar paid by the transferee, and that the bankrupt had no intent to defraud creditors since he believed himself obligated by contract to make the transfer. On petition to review the findings of fact and conclusions of the referee, Judge Bartels confirmed them. His opinion is reported in 197 F.Supp. 301.

 It is too well settled to require the citation of authorities that where an appeal brings up for review concurrent findings of fact by the referee and the district court, they can be set aside only if "clearly erroneous." See Bankruptcy General Order 47, 11 U.S.C.A. following section 53; Rule 52(a) F.R.Civ.P., 28 U.S.C.A. Particularly is this true where, as in this case, the findings involve questions of credibility of witnesses who testified before the referee. See Morris Plan Industrial Bank v. Henderson, 2 Cir., 131 F.2d 975, 977; Margolis v. Nazareth Fair Grounds & Farmers Market, Inc., 2 Cir., 249 F.2d 221, 223;

Smith v. United States, 5 Cir., 287 F.2d 299, 301. Appellant has not carried his burden of convincing us that both essential findings are clearly erroneous.

Judgment affirmed.