Al RADER, also known as Alex Rader, Bankrupt-Appellant,

v.

Joseph A. LICHTENTHAL, Trustee-Appellee.

No. 338, Docket 27161.

United States Court of Appeals Second Circuit.

Submitted April 24, 1962.

Decided Aug. 6, 1962.

Benjamin B. Greller, New York City, for bankrupt-appellant.

Sidney H. Reich, White Plains, N. Y., for trustee-appellee.

Before FRIENDLY, SMITH and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

This is an appeal by the bankrupt from an order of the District Court, which sustained the ruling of the referee denying him a discharge. The trustee filed several specifications objecting to the discharge of the bankrupt. The referee sustained three of these, the District Court affirming on the grounds the referee's ruling was "amply sustained by the record."

Under Section 14 of the Bankruptcy Act, 11 U.S.C.A. § 32, only one of the specifications had to be proven in order to deny the discharge. Since we find the trustee has substantiated specification First (b), we may affirm without discussion of the other specifications.[1]

Under Section 14, sub. c(4) of the Act, a bankrupt is to be denied a discharge if he has "at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, * * concealed * * * any of his property, with intent to hinder, delay, or defraud his creditors * * *." Specification First (b) charged that the bankrupt concealed from his creditors his

" * * * beneficial interest in and ownership of the shares of stock, and the equipment, furnishings and stock of merchandise of, the restaurant and business located at 2468 Grand Concourse, Bronx, New York City, New York, originally owned in the name of MR. HAMBURG-BRONX CORP., (of which the bankrupt was owner of a majority stock interest) and then in the name of MR. HAMBURG-2468 CONCOURSE CORP., a successor corporation, in which the majority of shares of stock were issued to and held by the bankrupt's brother, BEN RADER, for the ultimate use and benefit of the bankrupt."

In March, 1957, the bankrupt, Al Rader, and his wife owned a corporation known as Mr. Hamburg-Bronx Corp. At that time, H. M. R. Enterprises, Inc. (H. M. R.) loaned the corporation $17,000 which was disbursed directly by H. M. R. to the corporation's creditors. In return, Mr. Hamburg-Bronx gave H. M. R. promissory notes totaling $22,000, a chattel mortgage on the fixtures, and an assignment of the lease of the restaurant operated by the corporation. The notes were guaranteed by Ben Rader, the bankrupt's brother. In May, 1957, H. M. R. took possession of the restaurant under a purported foreclosure and the assigned lease and immediately sold it in exchange for

1. We express no opinion on the merits of these specifications.

another mortgage to a corporate shell, Mr. Hamburg-2468 Concourse Corp. (Concourse) owned by Ben Rader. Also transferred were at least $100 worth of foodstuffs which were owned by Mr. Hamburg-Bronx and were not covered by the H. M. R. mortgage. For all practical purposes, the operations of the restaurant continued without change until H. M. R. foreclosed on Concourse in May, 1958.[2] In January, 1958, the bankrupt, Al Rader, filed a petition in bankruptcy. He listed no interest in Concourse on the relevant schedules.

It is the contention of the trustee, sustained by the referee and the District Court, that the "foreclosure" and "sale" to Concourse was a sham designed merely to defraud Al Rader's creditors by rendering the shares of Mr. Hamburg-Bronx worthless and further to defraud the creditors of that corporation by depriving it of the unencumbered foodstuffs. It is further argued that Ben Rader's interest in Concourse is limited to the guarantee of the H. M. R. mortgage and that everything over and above that is owned by Al Rader. The tribunals below so concluded, and the only question before us is whether there is evidence in the record to support that conclusion. We find there is and affirm.

We have said many times that we shall not upset findings of fact made by a referee and approved by a district court unless error is plainly demonstrated. E. g., Simon v. Agar, 299 F.2d 853 (2 Cir. 1962). We have examined the record in the present case and believe two matters of evidence are decisive on the question before us. First, the records of the mortgagee H. M. R. on the day of the Mr. Hamburg-Bronx foreclosure do not reflect any mortgage payment default by the mortgagor. Second, the bankrupt himself had admitted on prior occasions that he was to get whatever was derived from Concourse above his brother's guarantee liability and that his brother was "only interested as far as the guarantee."[3] The fact that his testimony was contradictory on this issue would hardly justify our holding that as a matter of law the referee had to reject this evidence and accept the bankrupt's self-serving assertions to the contrary. And certainly the mortgagee's records and the bankrupt's admissions go far to show there was much more to the transaction than appeared on the surface. When a suit was brought in the state courts attacking the very "foreclosure" and "sale" involved here, the trial court characterized them as part of "a cleverly conceived plan to avoid a levy and execution." Lipson v. H. M. R. Enterprises, Inc., 16 Misc.2d 447, 450, 183 N.Y.S.2d 160 (Sup.Ct. 1959), modified on other grounds, 9 A.D. 2d 759, 193 N.Y.S.2d 138 (1st Dept.1959). We have examined the record before us and have independently reached the same conclusion.

For the discharge to be denied, under Section 14, sub. c(4), it had to be shown that the transfer or concealment complained of occurred within the year immediately prior to the filing of the bankruptcy petition and that it was committed with the intent to hinder, delay, or defraud creditors. 1 Collier on Bankruptcy, 14th Ed., § 14.45. We believe the record supports findings as to the presence of each of these elements. Cf. Green v. Toy, 171 F.2d 979 (1 Cir. 1949); In re Wilcox, 109 F. 628 (2 Cir. 1900). In any event, Section 14, sub. c provides

---

2. Since the alleged concealment occurred before the May foreclosure and while the restaurant was still operating, the ultimate fate of the business cannot relieve appellant of the consequences of his failure to disclose his interest in it in January. Similarly, the present whereabouts of the shares of Mr. Hamburg-Bronx is irrelevant, since the specification charged concealment of a beneficial interest in Concourse.

3. Since appellant is, for all practical purposes, a party-opponent of the trustee in these proceedings, his prior admissions are admissible to prove the truth of the matter asserted. See generally IV Wigmore on Evidence, 3rd Ed., § 1048 et seq.; McCormick on Evidence, § 239 et seq.

that if the objector shows reasonable grounds for believing the bankrupt has committed an act which would prevent his discharge, the bankrupt must then assume the burden of showing he has not done so. Reasonable grounds were established in this case, and we cannot say the referee's ruling was clearly erroneous.

Affirmed.