331 F.2d 655
 In the Matter of G.E.C. SECURITIES, INC., Bankrupt.
DRESNER, GOMBERG & CO., Inc., Martin Frank, as Attorney and
Proxy for Richard Gray & Co., Inc., and as
Secretary of the Creditors Committee, Appellants,
v.
James B. KILSHEIMER III, Trustee of G.E.C. Securities, Inc.,
Bankrupt, Appellee.
 No. 400, Docket 28687.
 United States Court of Appeals Second Circuit.
 Argued April 8, 1964.
Decided May 12, 1964.
 
 Rosen & Rosen, New York City, for appellants.
 Donovan, Leisure, Newton & Irvine, New York City, for trustee. Francis A. Brick, Jr., Richard N. Winfield and Louis C. Lustenberger, Jr., New York City, of counsel.
 Before SWAN, MOORE and SMITH, Circuit Judges.
 SWAN, Circuit Judge:
 
 
 1
 On April 26, 1963 G.E.C. Securities, Inc. (hereafter referred to as GECS or the bankrupt) filed a petition for reorganization under Chapter X of the Bankruptcy Act. Chief Judge Ryan appointed Kilsheimer reorganization trustee. Reorganization proving to be impossible GECS was adjudged bankrupt on July 8, 1963, and Kilsheimer was appointed an interim trustee pending election of a trustee in the bankruptcy proceedings.[1] The first meeting of the bankrupt's creditors was held on August 9, 1963. Kilsheimer, Martin Frank, and Alex L. Rosen were nominated for the position of trustee but Frank withdrew his name before the voting. Numerous creditors were in attendance and numerous claims were presented for voting. The referee held Kilsheimer elected and appointed him forthwith.[2]
 
 
 2
 The claim which caused the election of Kilsheimer was a claim for $235,000 filed by Kilsheimer and Halpern on behalf of the parent corporation. Rosen had objected to this claim principally on the ground that Kilsheimer's interest as one of the organization trustees might conflict with his interest as trustee in bankruptcy.[3] Neither the referee nor Judge Cooper considered this an automatic disqualification, and rightly so. Should such a conflict hereafter arise, it would be possible to have the bankrupt's trustee represented by special counsel. See In re National Public Service Corp., 2 Cir., 68 F.2d 859, 863; In re Eloise Curtis, Inc., 2 Cir., 326 F.2d 698.
 
 
 3
 Other objections to the referee's conduct of the election were also raised. These were all considered by Judge Cooper, who took additional evidence not heard by the referee as authorized by General Order 47, 11 U.S.C. following 53, and as requested by one of the petitioners. In confirming the appointment of the trustee in bankruptcy Judge Cooper considered and overruled all of the points presented on this appeal. It is unnecessary for us to repeat his discussion. We agree with him.
 
 
 4
 The facts in the case at bar are quite complex, but the applicable legal principles are simple. The referee's conduct of an election should not be set aside unless he committed a plain error of law or abused his discretion. Sloan's Furriers, Inc. v. Bradley, 6 Cir., 146 F.2d 757. Where the district court has affirmed the referee's rulings, the concurrent findings will not be upset unless clearly erroneous. Simon v. Agar, 2 Cir., 299 F.2d 853. They were not clearly erroneous.
 
 
 5
 Order affirmed.
 
 
 
 [1]
 GECS was a wholly owned subsidiary of General Economics Corporation, for which it conducted a brokerage business. The parent corporation had six other affiliates which it controlled wholly or in part. On July 17, 1963 Chief Judge Ryan appointed Kilsheimer and Halpern as co-trustees of the estates of the debtors
 
 
 [2]
 Twenty-two claims totalling $286,047.26 had been voted for Kilsheimer and seven totalling $91,159.68 for Rosen
 
 
 [3]
 In the reorganization proceedings of General Economics Corporation and its affiliates, Judge Ryan informed the trustees on August 9, 1963 that they might well vote their claim in the election of a trustee for the bankrupt