432 F.2d 416
 In the Matter of TIME SALES FINANCE CORPORATION and its wholly owned subsidiary corporations, Chateau Realty Corporation and Marpoole, Inc., Bankrupts.
Appeal of DEBENTURE HOLDERS COMMITTEE.
 No. 18739.
 United States Court of Appeals, Third Circuit.
 Argued June 18, 1970.
 Decided August 28, 1970.
 
 Norman J. Kalcheim, Abrahams & Lowenstein, Robert D. Abrahams, Philadelphia, Pa., for appellant.
 Sidney Chait, Adelman & Lavine, Philadelphia, Pa., for appellee.
 Before BIGGS, STALEY and ADAMS, Circuit Judges.
 OPINION OF THE COURT
 STALEY, Circuit Judge.
 
 
 1
 Time Sales Finance Corporation filed its petition for arrangement under Section 322 of Chapter XI of the Bankruptcy Act (hereinafter "the Act"), 11 U.S.C. § 722 (1964 ed.). The creditors were notified by the referee of a first meeting at which they could, inter alia, nominate a trustee. At the meeting held on May 7, 1968, Mr. Raymond R. Walsh, who at that time was the duly appointed receiver of the debtor, was proposed as stand-by trustee in case of proceedings in bankruptcy. No response was made by those present to the request of the referee for additional nominations. The referee then designated Mr. Walsh as stand-by trustee.
 
 
 2
 The debtor's plan of arrangement having failed of approval, Time Sales was adjudicated a bankrupt on April 22, 1969. At the first meeting of creditors after the adjudication, Mr. Kalcheim, attorney for the appellants here, opposed the appointment of Mr. Walsh as trustee on the ground that since the Chapter XI proceeding had been aborted, the designation of a stand-by trustee was a nullity, and he asked the referee to hold a new election. He based his request on the policy of the Act to provide the maximum control and protection to the creditors and not on any disability of Mr. Walsh. Mr. Kalcheim stated, "I have no objection to Mr. Walsh. I think he is an experienced man. * * *" The motion was refused and Mr. Walsh was appointed trustee. Mr. Kalcheim then sought to have two additional trustees appointed but this request was also refused.
 
 
 3
 Appellants then sought review of the referee's order appointing the trustee. The district court affirmed the referee's action.
 
 
 4
 In his certificate of review to the district court, the referee took the position that once a stand-by trustee had been nominated under the Chapter XI proceedings, he was required by the statute to appoint the stand-by trustee as the trustee in bankruptcy.
 
 
 5
 Appellants takes the position that we cannot now review the procedure by which Mr. Walsh was selected because the time for appealing that action has expired. However, the mere nomination of a stand-by trustee is an act of the creditors and not the court. The judicial act which is subject to review is the act of appointment. We now proceed to review the nomination procedure.
 
 
 6
 At the first meeting of creditors in Chapter XI, held May 7, 1968, the first business transacted was the nomination of Mr. Walsh as stand-by trustee. An attorney representing two of the creditors[1] proposed Mr. Walsh. None of the other creditors made any response to the referee's request for other persons. The only claims voted were by the attorney making the nomination. No objection was made to the nomination at this meeting, although Mr. Kalcheim was present. If the creditors' silence cannot be considered tacit approval of the nomination, at the very least it indicates disinterest. Furthermore, at the first meeting of creditors after the adjudication of bankruptcy, appellant's attorney stated that he had no objections to Mr. Walsh and characterized him as "an experienced man."
 
 
 7
 At the first meeting of creditors under Chapter XI, the creditors may nominate a trustee. Section 338 of the Act, 11 U.S.C. § 738 (1964 ed.), provides: "[I]f a trustee has not previously been appointed, [the creditors] may nominate a trustee who shall thereafter qualify in case it shall become necessary to administer the estate in bankruptcy as provided under this chapter [XI]." Further, Section 378(a) (2), 11 U.S.C. § 778(a) (2) (1964 ed.), provides:
 
 
 8
 "Upon the entry of an order directing that bankruptcy be proceeded with * * * the trustee nominated by the creditors under this chapter [XI] shall be appointed by the court."
 
 
 9
 Reading these sections together, it is clear that the stand-by trustee nominated by the creditors at the first meeting under Chapter XI must be appointed by the court as trustee, after adjudication of bankruptcy. 8 Collier on Bankruptcy ¶ 5.49[3] (14th ed., 1968); 9 op. cit. supra at ¶ 10.11[1].
 
 
 10
 Our scope of review here is to determine whether the referee committed a plain error of law or abused his discretion. In re Lenrick Sales, Inc., 369 F.2d 439 (C.A.3, 1967), cert. denied, 389 U.S. 822, 88 S.Ct. 45, 19 L.Ed.2d 74 (1967); In re G.E.C. Securities, Inc., 331 F.2d 655 (C.A.2, 1964). On the basis of the record before us we cannot find either to be so. However, in these situations where a large group of creditors, indeed a majority in terms of number and amount, is not directly represented by the trustee, it would appear salutary for the referee to consider that factor in naming a trustee.
 
 
 11
 The order of the district court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 Appellants charge that Mr. Adelman represented conflicting interests before the referee. He was attorney for the receiver, represented a bank's claim and also unsecured creditors. There is statutory authorization to represent both creditors and the receiver or trustee, 11 U.S.C. § 72(c) (1964). The bank's claim was asserted to take precedence over the interests of debenture holders, but such priority claim, if indeed it is, could only disqualify its vote and would not affect the voting of the general unsecured claims. Cf. In re Lloyd, 148 F. 92 (E.D.Wis.1906)