*232 OPINION OF THE COURT
James F. Niehoff, J.
In this application before the court the plaintiff seeks a myriad of pendente lite relief including various orders of attachment, a preliminary injunction and the appointment of a temporary receiver.
In its first cause of action in the complaint the plaintiff United Parcel Service, Inc., seeks to recover the sum of $57,583.31 for common carriage and delivery services rendered at the request of the defendant Jay Norris Corp. There appears to be no dispute that said sum is due and owing to the plaintiff.
In its second cause of action the plaintiff seeks to declare invalid the sale of the assets, inventory and machinery of the defendant Jay Norris Corp. to the codefendant Mass Marketing Association, Inc., a California corporation. It is claimed that the sale in question which came about on June 12, 1979 made the defendant Jay Norris incapable of. running its operation as a mail-order house and thereby rendered said defendant insolvent. Plaintiff also claims that the transfer of Jay Norris Corp.’s assets, inventory and machinery was made without notice to creditors and in violation of article 6 of the Uniform Commercial Code.
In its third cause of action the plaintiff seeks to declare the aforesaid transfer of assets fraudulent pursuant to section 276 of the Debtor and Creditor Law alleging that the transfer was made without fair consideration and that the defendant Mass Marketing Association, Inc., accepted the transfer with knowledge of its fraudulent intent and purpose.
In addition to the claims made in its verified complaint, the plaintiff has asserted other claims by the affidavit of its district service manager, affidavit of its loss prevention manager, affidavit of its attorneys and copies of invoices, photographs and exhibits to the effect that former key management personnel of the defendant Jay Norris Corp. are now managing the local operation of the defendant Mass Marketing Association, Inc., in an attempt to dissipate the assets of Jay Norris Corp. and, thereby, frustrate the enforcement of any judgment which may be obtained by plaintiff as a creditor of that corporate entity.
In opposing this application, the defendant Mass Marketing Association relies heavily upon the fact that the contract for *233 the sale of Jay Norris Corp.’s assets contained terms evidencing a fair consideration. However, the fact that a consideration appears in the sales agreement will not be sufficient to prevent the conveyance from being fraudulent if plaintiff can prove an actual intent to hinder, delay or defraud creditors. (Lipson v H. M. R. Enterprises, 16 Misc 2d 447, 450, mod 9 AD2d 759, affd 8 NY2d 989; United States v 58th St. Plaza Theatre, 287 F Supp 475.)
It is well settled that "The assets of a corporation are a trust fund for the payment of its debts, upon which the creditors have an equitable lien, both as against stockholders and all transferees, except those purchasing in good faith and for value” (Hurd v New York & Commercial Steam Laundry Co., 167 NY 89, 95).
It is equally well settled that " 'it is not always practicable to establish by proof the existence of a fraudulent intent on the part of the debtor even when in reality it exists. Direct proof of the fact can rarely be obtained, and when it is established it must ordinarily be inferred from circumstances.’ ” (Stewart v Lyman, 62 App Div 182, 186.)
In the opinion of the court the transferee’s relationship to the defendant debtor, the debtor’s financial condition at the time of the conveyance, the failure of the debtor to give creditors notice of the alleged bulk sale, the failure of the debtor and the transferee to produce any canceled checks showing that actual payment of the consideration set forth in the sale agreement was made, together with the fact that the debtor appears to be a corporate shell following the conveyance, are sufficient circumstances indicating an intent to defraud creditors or frustrate the enforcement of any judgment which may be obtained by plaintiff. (See 7A Weinstein-Korn-Miller, NY Civ Prac, par 6201.12, pp 62-31 — 62-35.)
For the reasons set forth above as well as the fact that it is conceded that the property in question is held by the defendant Mass Marketing Association, Inc., it is the decision of the court that the plaintiff’s application should be granted to the extent that an order of attachment pursuant to CPLR 6201 (subd 3) shall be issued upon the filing of an undertaking in the amount hereinafter indicated.
This court is not unmindful of the bankruptcy rules applicable to stays and the bankruptcy court’s jurisdictional rights over a debtor’s property. However, the fact that the defendant debtor may have filed a petition in bankruptcy will not *234 prevent the granting of an order of attachment or require the bankruptcy court’s permission where a certified copy of said filing has been submitted and there is no proof that the property is in the actual or constructive possession of the bankrupt (Isaacs v Hobbs Tie & Timber Co., 282 US 734).
The order to be entered herein shall provide that the plaintiff is directed to file an undertaking in the sum of $15,000 of which $10,000 shall be conditioned upon the plaintiff’s paying to the defendant all legal costs and damages which may be sustained by reason of the attachment if the defendant recovers judgment or if it is finally decided that the plaintiff was not entitled to the attachment of defendants’ property and the balance of which shall be conditioned upon the plaintiff’s paying to the Sheriff all of his allowable fees (CPLR 6212, subd [b]).
The plaintiff’s application is denied in all other respects.