OPINION OF THE COURT
Richard Lee Price, J.
Motion by plaintiff for an order of attachment directing the Sheriff of New York County to levy against the property of defendant, which is presently held by the Highland National Bank, Woodstock, New York, in the name of Daniel Kornstein and S. David Harrison as escrow agents.
PRIOR PROCEEDINGS
The parties were divorced in California on October 26, 1977. Plaintiff, Elayne S. Glotzer was awarded a judgment of divorce which included spousal support, child support and maintenance. At the present time plaintiff is a resident of New York and defendant, Bennett H. Glotzer, is a resident of California. Plaintiff alleges that defendant failed to comply with the California divorce judgment in that he refused to pay the ordered child support, spousal support and maintenance. The plaintiff claims that the defendant has accumulated arrears, commencing January 1, 1981 totaling approximately $10,000.
In an effort to compel compliance with the California decree, plaintiff filed an authenticated copy of the California divorce judgment in New York County (in accordance *172 with CPLR 5402) on June 23, 1981 which she duly served on defendant by way of certified mail, return receipt requested. Defendant acknowledged receipt on July 13,1981. On July 16, 1981 plaintiff brought this action seeking a money judgment against defendant for $10,000 representing the accumulated arrearages.
THE PROPERTY
In an unrelated action entitled Glotzer v Grossman Glotzer Mgt. Corp. (Supreme Ct, NY County, Index No. 22487/79), Bennett Glotzer was awarded a $165,896.72 judgment on December 11, 1980. In order to pursue their appeal, Grossman Glotzer Management Corp. filed an undertaking in the sum of $165,896.72 in the form of a certificate of deposit (C.D.) with the Highland National Bank, Woodstock, New York, in the name of Daniel Kornstein and S. David Harrison as escrow agents. Leave to appeal was denied by the Appellate Division on June 23, 1981. The C.D. matured in August, 1981. On July 13,1981 (the same day defendant acknowledged receipt of the authenticated copy of the California judgment filed in New York County) he executed an assignment of his interest in the C.D. to a third party in California. The stated consideration for the assignment was $1.
Plaintiff contends that the assignment is fraudulent and moves to attach the property (the $165,896.72 C.D.). Plaintiff claims that if defendant is permitted to remove the property, there will be no remaining assets within the State of New York upon which plaintiff can execute in the event that judgment is entered against defendant in the instant proceeding. Defendant contends that the property was legitimately transferred and that, consequently, plaintiff’s motion must be denied.
THE LAW
Pursuant to the provisions of article 10 of the Debtor and Creditor Law said assignment is illegal as a matter of law.
Transfers of property are deemed fraudulent as to creditors and are voidable without regard to actual intent if (1) made without fair consideration and (2) if the party making the transfer is insolvent or is rendered insolvent thereby. (Debtor and Creditor Law, §§ 272-275; Commodity *173 Futures Trading Comm. v Probber Int. Equities Corp., 504 F Supp 1154.) “Nominal consideration” ($1) cannot be viewed as “fair consideration” when the assignment renders the assignor insolvent; such as assignment (for nominal consideration) will be viewed as fraudulent if used to defraud, hinder or delay creditors of the assignor. (Debtor and Creditor Law, §§ 273-276; Berndt v Berndt, 192 Misc 57, 60.) In addition, fraudulent intent need not be express, it may be inferred from the circumstances accompanying the assignment. (United Parcel Serv. v Norris Corp., 102 Misc 2d 231.)
Plaintiff, Elayne Glotzer, has standing to assert the invalidity of the assignment since she was a bona fide creditor at the time of the conveyance. A “creditor”, as defined by section 270 of the Debtor and Creditor Law, is any person having any claim whether matured, unmatured, liquidated, unliquidated, absolute or contingent. A “claim” or a “debt” includes any legal liability matured or unmatured, fixed or contingent (Debtor and Creditor Law, § 270). Defendant’s assignment, made for the nominal consideration of $1 has rendered him insolvent. Such an assignment, if approved by this court, will effectively preclude plaintiff from perfecting her claim. Defendant’s conveyance, used to defraud the plaintiff creditor, cannot be viewed as a valid and bona fide assignment. Such an assignment reeks of fraudulent intent and cannot be sanctioned by this court. Accordingly, for purposes of this motion, said assignment is void as a matter of law.
Turning to the propriety of plaintiff’s motion, an attachment is a provisional remedy having as its object, securing a debt by preliminary levy upon property of the debtor to conserve it for eventual execution. An attachment is warranted when the debtor, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff’s favor, has assigned, transferred or secreted his property. (CPLR 6201, subd 3.) To secure an attachment there must be a showing that a valid cause of action exists, that plaintiff will probably succeed on the merits and that the plaintiff is seeking a money judgment. Defendant’s actions clearly entitle plaintiff to an order of attachment. He assigned the $165,896 certificate of deposit *174 for $1 after being served with the authenticated judgment on July 13, 1981, and thus cannot claim that he was unaware of the debt owed to plaintiff creditor. It should also be noted that defendant’s debt began to accrue in October, 1977, three years before he was awarded a judgment in Glotzer v Grossman Glotzer Mgt. Corp. (supra). By assigning his sole asset in New York, defendant has attempted to frustrate the enforcement of a judgment that may be rendered in plaintiff’s favor, and he has further attempted to defraud the plaintiff creditor. Such actions clearly necessitate the granting of equitable relief.
Accordingly, plaintiff’s motion is granted.