**In re JAMES PLAZA JOINT VENTURE, James Enterprises, Inc. and James Investment Fund No. 1, LTD.**

Bankruptcy Nos. 84–05148–H2–4–7, 84–05150–H3–4, 84–05153–H1–4 and 84–05148–H2–4.

United States Bankruptcy Court, S.D. Texas, Houston Division.

July 17, 1986.

Elaine S. McAnelly, J. Steve Jeffries, Winstead, McGuire, Sechrest & Minick, Houston, Tex., for Daniel E. O'Connell, Trustee.

Susan E. Peters, Stokes & Peters, Houston, Tex., for Pleas, Doyle & Associates, Haynes, Whaley and Thomas E. Lightfoot & Associates, Inc.

Robert L. Collins, Daniel Kistler, Robert L. Collins & Associates, Houston, Tex., for James Plaza Joint Venture and James Investment Fund No. 1, Ltd.

## MEMORANDUM OPINION AND ORDER

EDWARD J. RYAN, Bankruptcy Judge.

By application dated the 9th day of May, 1986, Daniel E. O'Connell, Trustee, requests the appointment of an interim trustee pursuant to 11 U.S.C. § 303(g) and 11 U.S.C. § 701 in the involuntary bankruptcy pending against James Investment Fund No. 1, Ltd., Bankruptcy No. 84–05153.

Daniel E. O'Connell's application states:

"1. Daniel E. O'Connell, Movant, is the duly appointed and acting Trustee in the involuntary case of James Enterprises, Inc., Bankruptcy No. 84–05153–H3–4.

2. No Order for Relief has been entered against James Investment Fund No. 1, Ltd., and no trustee has been appointed in that case.

3. The Debtor in the involuntary case pending against James Investment Fund No. 1, Ltd., may be served by its attorney, who has filed an answer on its behalf in the involuntary petition, Mr. Robert L. Collins.

4. On February 18, 1983, James Enterprises, Inc., executed a Promissory Note and Deed of Trust securing a 1.77 acre tract of land to Jacinto City Bank. The Promissory Note was in the original principal amount of $350,000.00. On February 18, 1983, James Enterprises, Inc. transferred the 1.77 acre tract by Warranty Deed to James Investment Fund No. 1, Ltd. On November 2, 1983, the 1.77 acre tract was foreclosed against the Debtor by Jacinto City Bank. At that time the value of the property was appraised at $927,000.00. The amount bid in by Jacinto City Bank at the foreclosure was $398,185.59, as reflected on the Substitute Trustee's Deed filed with the Harris County Clerk's Office. In April of 1984 Jacinto City Bank and the Liquidation Committee for the involuntary debtor, James Investment Fund No. 1, Ltd. entered into a Real Estate Purchase Contract for the 1.77 acre tract for the sum of $510,312.64. On or about April 18, 1984, the Liquidation Committee for James Investment Fund No. 1, Ltd. assigned its rights under the Real Estate Purchase Contract it had with Jacinto City Bank to James C. Motley for the sum of $205,287.36. The real estate purchase was subsequently closed from Jacinto City Bank to James C. Motley pursuant to said assignment. From the sale of this property Jacinto City Bank realized a profit of at least $106,000.00, and James Investment Fund No. 1, Ltd. realized a return of $205,-287.36.

5. The Trustee of James Enterprises, Inc. claims an interest relating to such property due to the conveyances of the property of James Enterprises, Inc. for less than fair equivalent value as set out above. Alternatively, if such transfers are valid James Investment Fund No. 1, Ltd. is liable to the Creditors of the estate of this Trustee, pursuant to the terms of a partnership agreement between the Debtor and James Investment Fund No. 1, Ltd. [sic]

6. Therefore, an interim trustee must be appointed to preserve the assets of James Investment Fund No. 1, Ltd. pending trial of its involuntary case and entry of order for relief.

7. James Investment Fund No. 1, Ltd. has possession of a portion of $205,-287.36 in a West Belt National Bank account. As set out above, said Trustee has an interest in that fund which, upon trial of the involuntary case or upon trial of the adversary proceeding pending in this matter must be adjudicated.

8. Movant fears that if a trustee is not appointed in the James Investment Fund No. 1, Ltd. involuntary bankruptcy that the fund of $205,287.36 may be further dissipated prior to the adjudication of the rights of the respective parties to the fund. Therefore, emergency circumstances exist to warrant the appointment of a trustee pursuant to 11 U.S.C.

§ 303(g) upon hearing which the Trustee requests be set in conjunction with the hearing in the adversary proceeding, on May 9, 1986 at 4:00 p.m. It is further requested that the Court order the immediate appointment of the trustee and that such trustee be directed to immediately take possession of such fund and preserve it pending the outcome of such trial of the involuntary case or the adversary proceeding pending in this matter.

WHEREFORE, PREMISES CONSIDERED, Daniel E. O'Connell, Trustee of James Enterprises, Inc., prays that the Court order that an interim trustee be appointed immediately under 11 U.S.C. § 303(g) in the involuntary case pending against Investment Fund No. 1, Ltd. and that such trustee be ordered to take immediate possession of the property of said estate including any remaining of the $205,287.36 realized from the sale of its rights under the real estate purchase contract as described above."

Daniel E. O'Connell contends that 11 U.S.C. § 303(g) together with 11 U.S.C. § 701 provide that an interim trustee may be appointed "after notice to the debtor and a hearing" to take possession of property of the estate, if such appointment is necessary to preserve the property of the estate or to prevent loss to the estate.

On May 17, 1986, an order was signed allowing Pleas, Doyle and Associates, Inc., Haynes, Whaley and Thomas E. Lightfoot, Inc., petitioning creditors, to intervene and join in Daniel E. O'Connell's motion for appointment of an interim trustee for James Investment Fund No. 1, Ltd. Their motion sets forth:

"I.

Petitioning Creditors filed an Involuntary Petition against James Investment Fund No. 1, Ltd., on October 5, 1984. The cases have not yet gone to trial and remain pending. [sic]

II.

The Petitioning Creditors are concerned that the funds of approximately $150,000 held by the Liquidating Committee of James Investment Fund No. 1, Ltd. at Westbelt National Bank will be disposed of, distributed, or dissipated prior to the time that a trial may be held on the merits of the Involuntary Petition filed against James Investment Fund No. 1, Ltd.

III.

Petitioning Creditors would allege that the basis of their combined $94,959.42 claim against James Investment Fund No. 1, Ltd., is that their services rendered, being architectural services, including engineering services, for the Phase II building of James Plaza, were in fact rendered on behalf of the Limited Partnership and as such all the assets of the Limited Partnership are liable for Petitioning Creditor's debts. That this $150,000 fund is the only known asset of the Limited Partnership. That according to the statements made by counsel for the Limited Partnership this fund is being used to pay attorney's fees and accounting fees incurred not only in this Bankruptcy proceeding but also State Court proceedings against the general partner and certain individuals. Petitioning Creditors would allege that due to the nature of the litigation and the emotions of the parties involved it is not inconceivable that this fund will be dissipated to an amount insufficient to satisfy Petitioning Creditors Claims within a short period of time. That if this occurs, and an order for Relief is entered against James Investment Fund No. 1, Ltd., the Debtor's Estate will be harmed.

IV.

Petitioning Creditors would allege that if an Interim Trustee is not appointed to take possession of this $150,000, that said fund is totally consumed before the issues of the ownership of the funds and liability for the Petitioning Creditors Claims, issues in the pending involuntary proceeding, are resolved."

James Investment Fund No. 1, Ltd., and The Liquidation Committee for James Investment Fund No. 1, Ltd., are opposed to the appointment of an interim trustee and in their reply state:

"1. Respondent admits to the allegations set forth in paragraph one of the Motion.

2. Respondent admits to the allegations set forth in paragraph two of the Motion.

3. Respondent neither admits nor denies the propriety of service of the notice upon Respondent by and through its attorney of record, but does not object to service in said manner.

4. In response to paragraph four of the Motion, Respondent can neither admit nor deny that the appraisal value of the property was $927,000.00, as alleged therein, and, accordingly, denies the same. Furthermore, Respondent objects to any characterization of the $205,287.36 mentioned in paragraph four of the Motion as constituting a return realized by James Investment Fund No. 1, Ltd. on the sale of the property, and as such denies the same. Otherwise, Respondent admits the allegation set forth in paragraph four of the Motion.

5. Respondent denies the allegation set forth in paragraph five of the Motion that the Trustee of James Enterprises, Inc. has any interest in or to the $205,-287.36 referred to in paragraph four of the Motion, or any part thereof. In this regard, Respondent would show that the sum currently on deposit with Westbelt National Bank is in the approximate sum of $150,000.00.

6. Respondent denies that an interim trustee need be appointed to preserve the assets of Respondent, pending trial of its involuntary case, as alleged in paragraph six of the Motion.

7. Respondent denies that the Trustee has any interest in any funds currently on deposit by Respondent in Westbelt National Bank, as alleged in paragraph seven of the Motion. In this regard, Respondent would again show that the sums currently on deposit with Westbelt National Bank are in the approximate sum of $150,000.00.

8. Respondent denies that there is any danger of, or any facts indicating any danger of dissipation of the monies currently on paragraph eight of the Motion. Respondent further denies that any emergency circumstances exist sufficient to warrant the appointment of a trustee pursuant to 11 U.S.C. Section 303(g) as is further alleged in paragraph eight of the Motion.

WHEREFORE, PREMISES CONSIDERED, Respondent prays and requests that the Motion of Daniel O'Connell, Trustee, for appointment of an interim trustee pursuant to 11 U.S.C. Section 303(g) and 11 U.S.C. Section 701 be, in all respects, denied, and for all other and further relief, both at law and in equity, to which Respondent may be justly entitled."

James Investment Fund No. 1, Ltd., filed a brief in support of its contention that said interim trustee should not be appointed. In the brief, James Investment Fund No. 1, Ltd. admits that its only asset is approximately $150,000 in monies currently on deposit with West Belt National Bank in Houston, Harris County, Texas, but denies that the monies have at any time been wasted, dissipated, or utilized for any purposes other than legitimate partnership operations.

Furthermore, James Investment Fund No. 1, Ltd. avers that without the use of the funds, it will be virtually impossible to maintain its causes of action presently pending in both bankruptcy court and in state court. The answer to this contention is that further prosecution of claims with due diligence will be the responsibility of the trustee.

James Investment Fund No. 1, Ltd. also urges that freezing the funds will impede, impair or preclude the limited partnership's defense of the involuntary bankruptcy action. In all the circumstances of this case, this objective cannot be deemed a legitimate objective of the partnership.

In view of the foregoing, an interim trustee is appropriate under 11 U.S.C. § 303(g) and 11 U.S.C. § 701.

At the hearing the Court suggested that, to minimize the costs of administration, it would be appropriate that the trustee of James Enterprises, Inc., Daniel E. O'Connell, be appointed the trustee of James Investment Fund No. 1, Ltd., such course of action being in the best interest of all involved.

It was further suggested that if a conflict should arise between James Enterprises, Inc. and James Investment Fund No. 1, Ltd., special counsel could be appointed to represent the trustee, James Investment Fund No. 1, Ltd. *In the Matter of G.E.C. Securities, Inc.*, 331 F.2d 655 (2nd Cir. 1964).

James Investment Fund No. 1, Ltd. objected to the Court's suggestion that Daniel E. O'Connell be appointed the interim trustee for James Investment Fund No. 1, Ltd. Its supplemental brief set forth in pertinent part:

"The Limited Partnership would further show that in the event this Court should rule in favor of the Trustee's and Petitioning Creditors' Motion for Appointment of an Interim Trustee, the Court's initial inclination, as reflected on the record of the proceedings of June 17, 1986, that Daniel E. O'Connell, be appointed Trustee over the Limited Partnership, would be improper under the circumstances of this case. As the Chapter 7 Trustee of JAMES ENTERPRISES, INC., Daniel E. O'Connell is, by virtue of the Bankruptcy Code, the legal representative of JAMES ENTERPRISES, INC. It is undisputed that JAMES ENTERPRISES, INC. has asserted claims for recovery of money and damages against several parties, including the Limited Partnership and its Liquidation Committee. The Liquidation Committee and the Limited Partnership have vigorously contested all these claims for monies asserted by the Trustee.

The claims of the Trustee on behalf of JAMES ENTERPRISES, INC. to assets of the Limited Partnership are clearly adverse to the rights of the Limited Partnership and its limited partners. By appointing Daniel E. O'Connell as Trustee over the Limited Partnership, Daniel E. O'Connell would be placed in a position of in essence suing himself.

The following decision, *In the matter of G.E.C. Securities, Inc.*, 331 F.2d 655 (2nd Cir.1964) is distinguishable on its facts, and as such is not controlling. The related entities in *G.E.C.* were parent and subsidiary corporations. In the instant case, the entities in question are far less closely related entities, with severely adverse interests. This case is further distinguishable from *G.E.C.* in that here the conflict is real and existing, while in *G.E.C.*, and other cases on this same topic, the conflicts of interest are "possible." Appointment of special counsel, as suggested in *G.E.C.* and other cases, would not make the conflict disappear, and would require essentially that another trustee be appointed. As such, the desired effect of preservation of judicial time and resources would be disserved by appointment of Daniel E. O'Connell as trustee over the Limited Partnership, and would be served by denying the motion to appoint an interim trustee.

If a trustee be appointed, a bond from said trustee is required by law to be placed in an amount sufficient to protect the involuntary defendant from all costs and losses occasioned by the appointment of an interim trustee which are allowable under 11 U.S.C. § 301(i). Bankruptcy Rule 2001."

We disagree. Cf., Weintraub & Resnick, *Bankruptcy Law Manual* (2d ed. 1985), ¶ 8.16 Joint Administration and Consolidation.

It is hereby ordered that Daniel E. O'Connell be and he hereby is appointed the Interim Trustee of James Investment Fund No. 1, Ltd.